SCHACHT, Appellant, vs. BONACCI, Respondent.

*December 3, 1935—January 7, 1936.*

The cause was submitted for the appellant on the briefs of *Bender, Trump & McIntyre,* attorneys, and *Werner J. Trimborn,* all of Milwaukee, and for the respondent on that of *R. C. Trembath* of Hurley.

FAIRCHILD, J. At the time the injuries complained of were sustained, appellant was a patient of the respondent who, at that time, was a practicing physician in the state of Michigan. During the course of appellant's treatment it became necessary, in his judgment and in that of the physician, for appellant to submit to an operation. The result was unsatisfactory and decidedly detrimental to the patient. He brought an action for damages resulting from malpractice, and in his declaration he sufficiently stated a cause of action, alleging that during the process of an operation the respondent "carelessly, recklessly, wantonly and negligently and against the will of the plaintiff, and against the plaintiff's protest, undertook to and did pass into and through the urethra of the plaintiff, a large sound, which the defendant well knew, and in the exercise of reasonable care should and would have known, was too large to pass into and through the said urethra in safety, . . ." with accompanying and consistent allegations tending to show that the respondent, in doing what he did, failed to use the proper care and skill required of one in his position in the treatment of the patient. The judgment granted under the pleading just referred to found respondent guilty, and assessed damages therefor in the sum of $12,500. The question now presented is: Is the claim of the appellant a provable debt, or was it expressly exempt from the operation of the discharge under the bankruptcy proceeding? "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as . . . are liabilities . . . for wilful and malicious injuries to the person or property of another. . . ." Bankruptcy

Act, § 17 (11 USCA, § 35). Under this section, a discharge in bankruptcy operates as a discharge of the appellant's debt if that debt was susceptible of being proved under the Bankruptcy Act, and this depends upon whether or not the damage resulting to the appellant was caused by an act which was wilful and malicious. We agree with the learned trial court that:

"The allegations of the plaintiff's complaint, which were confirmed and made a part of the findings of the court in the Michigan case, sets out the illness of the plaintiff and his employment of the defendant to treat his bodily illness; the admission of the plaintiff to a hospital in Ironwood on November 23, 1927; the treatment of the plaintiff by the defendant, on November 24, 1927, by passing a large sound through the urethra of the plaintiff, which the defendant knew, or ought to have known was too large to pass in safety; the use of a great amount of force in passing the sound, resulting in laceration and rupture of the urethra and grave results following; and it was alleged in the complaint and found by the court, that the actions of the defendant in such treatment were done 'carelessly, recklessly, wantonly and negligently and against the will of the plaintiff and against the plaintiff's protests.' It is not alleged that the defendant overrode the will of the plaintiff and injured the plaintiff intentionally, but it seems to be set out that the defendant went on with his treatment even though the plaintiff did not consent, but on the contrary did protest."

The whole pleading, fairly construed, sufficiently charges nothing more than that the patient opposed his judgment to the judgment of his physician, and continued to submit as a patient to the efforts of the physician to effect a cure. That the result is such, as now plainly appears, that the judgment of the patient was sounder than the physician's in this and other particulars does not transform the careless and unskilful or negligent acts which produced the injury, into wilful and malicious acts. The conduct indulged in by the respond-

ent in his treatment of the appellant nowhere discloses ill will or malice.

In the absence of wilful and intentional acts, and of malice and hatred, the injury, due to negligence, is not caused by wilful and malicious conduct. The pleading and judgment place the act of respondent in the field of negligence. The operation was performed with the consent of appellant, and proceeded with against his better judgment. The most extreme statement in the pleading or findings of the court in the original case, properly viewed, is to the effect that respondent was employed to treat the appellant with the expectation that he possessed and would use the care and skill required of physicians who undertake treatment of patients. The physician failed to rise to his obligation, was reckless and unskilful in his treatment of his patient; but, as said by the trial court, "all this does not amount to wilful or malicious injury." As used in this case, the words "carelessly," "recklessly," and "wantonly," were not intended to mean, and did not mean, wilfully and maliciously, but were used to describe the negligence of respondent. *Theby v. Wisconsin Power & Light Co.* 197 Wis. 601, 222 N. W. 826, 223 N. W. 791. This was a provable claim in the bankruptcy proceedings, and was there duly discharged.

*By the Court.*—Order affirmed.