STATE EX REL. ZENT, Plaintiff in error, vs. YANNY, County Sheriff, Defendant in error.

*November 12—December 7, 1943.*

For the plaintiff in error there was a brief by *La France &
Edwards,* attorneys, and *Alfred E. La France, Oscar M.
Edwards,* and *Richard H. McCue* of counsel, all of Racine,
and oral argument by *Mr. La France.*

For the defendant in error there was a brief by the *Attorney
General* and *William A. Platz,* assistant attorney general, and
oral argument by *Mr. Platz.*

MARTIN, J.   Sec. 340.271 (2), Stats., provides as follows:

"Any person who, by the operation of any vehicle at an ex-
cessive rate of speed or in a careless, reckless or negligent man-

ner constituting or amounting to a high degree of negligence, but not wilfully or wantonly, shall cause the death of another, shall be deemed guilty of negligent homicide and upon conviction thereof shall be punished by imprisonment in the county jail not more than one year or by a fine of not more than $1,000, or by both such fine and imprisonment."

Petitioner contends that the statute is unconstitutional on the ground that its meaning is indefinite and uncertain; that the statute contains no definition of what is meant by a "high degree of negligence." Petitioner argues that the term "high degree of negligence" has no settled common-law meaning in this state, or in any other state, so far as he has been able to determine. We considered the validity of sec. 340.271 (2), Stats., in the recent case of *State ex rel. Shields v. Portman* (1942), 242 Wis. 5, 12, 6 N. W. (2d) 713. We there considered the sufficiency of the evidence to hold the defendant for trial on a charge of negligent homicide (sec. 340.271 (2)) defined therein as the causing of a death of a person, not wilfully or wantonly, but by the operation of a vehicle in a careless, reckless, or negligent manner, constituting a high degree of negligence. The court said:

"Whether the evidence supports holding the relator for trial under sec. 340.271 (2), Stats., the negligent-homicide statute, is another matter. We have already indicated that the evidence is such as to support a charge of unlawful operation of an automobile. The acts pointed out that would constitute violation of that statute by the relator are operating his automobile carelessly and heedlessly, or without due caution and circumspection, or so as to be likely to endanger life or limb, or without due regard to the traffic and any other conditions existing. Doing any one of these things would constitute operating in a careless or negligent manner, and this would constitute a negligent killing of the child. The only thing remaining to fix liability of the relator to trial for 'negligent homicide' under the statute is that his negligence was of a 'high degree.'

"At first blush it would seem that to validate the negligent-homicide statute the statute should contain within itself a

definition of 'high degree.' The query involved in the statute is much like the query 'how long is a string.' However, this court ever since enactment of sec. 192.29 (6), Stats., has left it to the jury to determine what constituted 'slight' negligence under that statute that provides that such a degree of negligence of a plaintiff did not bar recovery for negligence of a railroad company at a highway crossing when plaintiff's negligence was not more than slight. If a jury may determine that negligence is of a slight degree it would seem competent for them to determine that it is of 'high degree.' Also it is for the jury to determine under the comparative-negligence statute, sec. 331.045, whether a plaintiff's negligence is equal to or greater than the negligence of a defendant. This is certainly leaving it to a jury to determine degrees of negligence, and we can see no more difficulty in determining that negligence is of a 'high degree' than in determining that it is of equal or a higher degree."

While it is true that the constitutionality of sec. 340.271 (2), Stats., is not directly referred to in the decision above cited, it is obvious that the court considered the validity of the statute. The decision specifically answers the main argument of petitioner that the statute is vague and indefinite because it does not contain a definition of "high degree." The court necessarily considered that there were other degrees of negligence not covered by existing statutes, and that the negligent-homicide statute covered the field of negligence between that defined as "ordinary negligence" and that defined as "gross negligence." Ordinary negligence and gross negligence are distinct kinds of negligence. Ordinary negligence lies in the field of inadvertence and gross negligence in the field of actual or constructive intent to injure. They do not grade into each other. See *Wedel v. Klein,* 229 Wis. 419, 422, 282 N. W. 606.

It is certainly within the power of the legislature to enact the negligent-homicide statute, based on a "high degree of negligence." The fact that the jury's judgment as to the degree of negligence determines the guilt or innocence of the

accused is not grounds for holding the act vague and indefinite. In *Mulkern v. State,* 176 Wis. 490, 187 N. W. 190, the defendant was charged with violating that portion of sec. 1636—49, Stats. 1919, which provided that "no person shall operate or drive any automobile, motorcycle or other similar motor vehicle recklessly or at a rate of speed greater than is reasonable and proper, having regard to the width, traffic and use of the highways and the general and usual rules of the road, or so as to endanger the property, life or limb of any person." Defendant was found guilty and sued out a writ of error. He contended that the statute was too vague and uncertain to sustain a conviction because it did not define any offense with sufficient certainty to enable a jury to determine whether or not there has been a violation of the statute or to enable the driver of the car to tell when he violates it. At page 492 the court said:

"It is claimed that the statute under which defendant was convicted was too vague and uncertain to sustain a conviction, in that it is impossible for the driver of a car to know whether or not he is violating it; that the fact of violation depends upon the judgment of a court or jury and not upon specific criteria contained in the act itself; that one jury may convict and another acquit upon the same state of facts. . . .

"If the fact that one jury might decide a case one way and another jury a different way upon the same state of facts rendered laws void for uncertainty, then we would have to discard not only many rules of civil law but also many criminal laws."

The negligent-homicide statute is, of course, not applicable unless the operator of the vehicle is operating same at an excessive rate of speed, or in a careless, reckless, or negligent manner constituting or amounting to a high degree of negligence. It is not necessary that the law be so definite that the offending operator of a vehicle may know with certainty just how negligent he may be in causing the death of another per-

son before he becomes criminally liable under the negligent-homicide statute. See *Nash v. United States*, 229 U. S. 373, 376–378, 33 Sup. Ct. 780, 57 L. Ed. 1232. No operator of a vehicle has a legal right to be negligent in any degree.

It is considered that the negligence requisite for a conviction under sec. 340.271 (2), Stats., is substantially and appreciably higher in magnitude than ordinary negligence. It is negligence of an aggravated character. It is great negligence. It represents indifference to legal duty. It is conduct that not only creates unreasonable risk of bodily harm to another, but also involves a high degree of probability that substantial harm will result to such other person. In other words, the culpability which characterizes all negligence is magnified to a higher degree as compared with that present in ordinary negligence. On the other hand, it is something less than wilful and wanton conduct which, by the law of this state, is the virtual equivalent of intentional wrong.

*By the Court.*—Order affirmed.