SAUERESSIG, Respondent, vs. JUNG, Appellant.

*October 11—November 14, 1944.*

The cause was submitted for the appellant on the brief of *Alfred B. Gerber* of Sheboygan, and for the respondent on

the brief of *Dougherty, Arnold & Kivett* of Milwaukee, and *Bassuener, Humke & Poole* of Sheboygan.

FOWLER, J. The action is a garnishment in aid of execution of a creditor of plaintiff's judgment debtor to require payment by the garnishee of an amount owing the judgment debtor to apply on plaintiff's judgment. There was a motion for a summary judgment dismissing the garnishment action. The motion was denied and the garnishee was directed to pay the amount over to be credited on plaintiff's judgment, as the summary-judgment statute, sec. 270.635 (3) authorizes the court to do on denial of a motion to dismiss when the undisputed facts show the plaintiff to be so entitled. The defense is that the judgment debtor had been adjudged a bankrupt and an order had been entered in the bankruptcy proceedings discharging the bankrupt's debts. The plaintiff claims the instant judgment was not discharged because rendered for wilful and malicious injury to the person of the plaintiff judgment creditor.

The judgment was entered pursuant to a stipulation on a complaint to recover for injuries inflicted by the judgment debtor on the plaintiff in an automobile collision on a highway through the judgment debtor "operating his automobile in a drunken condition and in a reckless, wilful and wanton disregard of the rights and safety of others." The question for decision is whether a judgment rendered for an injury so inflicted is exempt from discharge under sec. 17 (2) of the Bankruptcy Act, 11 USCA, sec. 35, because rendered for a liability "for wilful and malicious injuries to the person or property of another."

We consider the case is ruled by *Greene v. Lane* (7th Cir. 1937), 87 Fed. (2d) 951, 109 A. L. R. 1188, as held by the trial court, and that the judgment is for an injury against a bankrupt found to have been "wilfully and wantonly" inflicted

in driving an automobile. The court held that the words "wilfully and wantonly" were equivalent to the words "wilfully and maliciously" of said sec. 17 (2) and that the judgment was not discharged. It is said in the opinion of the *Greene Case, supra,* p. 953:

"Wilful and malicious injury, in the Bankruptcy Act, does not necessarily involve hatred or ill will as a state of mind, but arises from a wrongful act, done intentionally, without just cause or excuse."

The opinion further quotes from *Tinker v. Colwell,* 193 U. S. 473, 485, 24 Sup. Ct. 505, 48 L. Ed. 754:

"In order to come within that meaning as a judgment for a wilful and malicious injury to person or property, it is not necessary that the cause of action be based upon special malice, so that without it the action could not be maintained."

As the point has been expressly decided by the United States court in the case above cited and the federal decisions govern the state court's decisions, the above is all that it is necessary to say to justify affirmance of the judgment, but as the defendant claims this court decided to the contrary in *Schacht v. Bonacci,* 220 Wis. 53, 264 N. W. 625, and in *Theby v. Wisconsin Power & Light Co.* 197 Wis. 601, 222 N. W. 826, 223 N. W. 791, we will discuss the matter further.

The defendant seems to base his reliance on the *Schacht Case, supra,* as controlling on a single statement in the opinion, page 56:

"In the absence of wilful and intentional acts, and of malice and hatred, the injury, due to negligence, is not caused by wilful and malicious conduct."

In that case the judgment was held to have been discharged by an order of discharge entered in the bankruptcy court. But though the complaint in that case alleged that the act

involved was done "carelessly, recklessly, wantonly and negligently" the complaint was construed by this court as stating no more than a cause of action for ordinary negligence. The *Theby Case, supra,* was one involving ordinary negligence only. We find nothing in the opinion in the latter bearing on the question involved,—whether inflicting injuries through operating an automobile on the highway while "in a drunken condition and in a reckless, wilful and wanton disregard of the safety of others" is inflicting them "wilfully and maliciously" within sec. 17 (2) of the Bankruptcy Act, except as the court reiterates the definition of gross negligence as defined in *Bentson v. Brown,* 186 Wis. 629, 633, 203 N. W. 380:

"It is the settled law of this state that in order to constitute gross negligence there must be either a wilful intent to injure, or that reckless and wanton disregard of the rights and safety of another or of his property, and that willingness to inflict injury, which the law deems equivalent to an intent to injure."

As the *Schacht Case, supra,* involved ordinary negligence only, what was said therein as to nullifying the effect under the Bankruptcy Act of the words "reckless, wilful and wanton" as used in the pleadings or findings in that case has no application to the meaning of those words used in pleadings or findings or judgments in gross-negligence cases. The meaning and effect of such words when used in gross-negligence cases depends wholly upon what has been said of their meaning in gross-negligence cases. In the instant case the complaint stated two causes of action, the first alleging gross negligence, and the second, in the alternative, alleging ordinary negligence. The stipulation in the instant case was that the judgment be entered on the first cause of action based on gross negligence, and the judgment recites that it is so based. The complaint in that cause of action charges that the defendant was "negligent in the operation of his motor vehicle in that he operated the same in a reckless, wilful and wanton dis-

regard of the rights and safety of others." The word "negligent" in the quotation next above manifestly means that the negligence charged was gross negligence, and implies that the negligence involved and recited in the judgment was gross negligence.

Taking the *Schacht* opinion as a whole it is plain that the court did not mean to change the law of gross negligence as stated in the *Bentson Case, supra,* and a multitude of our other decisions. See 4 Callaghan's Wis. Dig. p. 3996, sec. 16; Callaghan's (Supp.), p. 1288. The last statement of the court on the subject is in *State ex rel. Zent v. Yanny,* 244 Wis. 342, 12 N. W. (2d) 45, wherein it is said in effect, page 347, that gross negligence is wilful and wanton conduct, "which, by the law of this state, is the virtual equivalent of intentional wrong." A judgment for what is a "virtual equivalent" of actually intending injury to the person of another must entail the same result as to discharge in bankruptcy as one involving actual intent. Anyhow, the federal circuit court of appeals so held,—and so it must be until that holding is reversed by the supreme court of the United States. It may be noted here that the *Greene Case, supra,* is largely based on *Palmer v. Smith,* 147 Wis. 70, 132 N. W. 614, wherefrom it quotes:

" 'Wantonly' means without reasonable excuse and implies turpitude, and an act to be done wantonly must be done intentionally and with design, without excuse and under circumstances evincing a lawless, destructive spirit. It is a reckless disregard for the lawful rights of others, such a degree of rashness as denotes a total want of care, or a willingness to destroy, although destruction itself may have been unintentional." (*Greene v. Lane* (7th Cir. 1937), 87 Fed. (2d) 951, 953, 109 A. L. R. 1188.)

This is in effect holding that judgments rendered for gross negligence, as that term is used in our decisions, is not dischargeable in bankruptcy. This court in *Montgomery v. State,* 178 Wis. 461, 190 N. W. 105, upheld a conviction of murder

in the second degree, where the defendant did precisely what the judgment debtor in the instant case was found to have done—he drove his automobile while in a drunken·condition and in a reckless, wanton, and wilful disregard of the safety of others. True the result òf his act in that case was vastly worse than the result in the instant case, but the difference of the results was in degree only. · It could hardly be·contended that a judgment for death by wrongful act against Montgomery would be discharged by a discharge in bankruptcy. So here.

*By the Court.*—The judgment of the circuit court is affirmed.