PELIKAN, Appellant, vs. SPHEERIS and others, Respondents.

*April 14—May 11, 1948.*

For the appellant there was a brief by *Sullivan, Fitzpatrick & Sullivan,* attorneys, and *Eugene J. Sullivan, Dennis M. Sullivan* and *James A. Fitzpatrick* of counsel, all of Milwaukee, and oral argument by *Mr. Dennis M. Sullivan* and *Mr. Fitzpatrick.*

*William H. Bowman* and *Christ T. Seraphim,* both of Milwaukee, for the respondents.

BARLOW, J. Appellant exercised his option to renew his lease for a period of three years in the manner provided in the lease and the language of the option was clear and unambiguous. It was held in *Kollock v. Scribner* (1897), 98 Wis. 104, 73 N. W. 776, that where the language of an

option is clear and unambiguous the court will enforce lessee's rights, even though it be a mere general promise to renew with no reference to the terms of the new lease. Respondent Spheeris Realty Corporation, on June 2, 1947, served notice on appellant that his lease would terminate as of the 30th day of June, 1947, and possession of the premises would be demanded at that time. This notice contained the further statement: "Having breached the provisions of the lease during the.term thereof, no right to exercise an option on your part exists." No specific breach is set forth as of or prior to the date of the notice, nor is it now claimed there was any breach of any provision of the lease at that time. It was a notice to appellant by the landlord that it refused to recognize the exercise of appellant's option to renew the lease. Shortly thereafter, on June 10, 1947, respondent Realty Corporation entered into a written lease of the premises with Russell. Prior thereto Russell had refused to sublease from appellant and made overtures to respondent Realty Corporation to lease direct from it. This left appellant with a large investment in fixtures which were in the building, an election of his option to renew the lease on the premises which had been exercised by him, and a notice from the owner of the building that it refused to recognize the exercise of his option because he had breached the provisions of his lease, together with a written lease from the property owner to appellant's sublessee Russell effective July 1, 1947.

The trial court in its memorandum opinion seems to place great stress upon the fact that appellant was unable to conform with the provisions in the lease which provided that the premises were to be used for tavern purposes only. Importance is also attached to the fact that appellant was unable to obtain a tavern license and that his subtenant refused to continue to occupy the premises as sublessee. At no time during the lease did appellant have a tavern license or occupy the premises personally under the terms of the lease, but he did

comply with the provisions of the lease. Respondent Realty Corporation made it impossible for him to comply after July 1, 1947, by refusing to recognize his option and by leasing the premises to another tenant during the early part of June, 1947. Certainly no sublessee would become interested in the premises when it was evident by the conduct of the owner that he could not obtain possession without litigation. Appellant was placed in a position where he was comparatively helpless by the acts of respondent Realty Corporation. Forfeitures of leaseholds for condition broken and restrictions upon the right to sublet are both looked upon with disfavor and a construction of a contract which leads to either of these results will be avoided, if reasonably possible. *Newfield Bldg. Co. v. Mohican Co.* 105 Conn. 488, 136 Atl. 78, 80, citing *Camp v. Scott,* 47 Conn. 366; *Chamberlain v. Brown,* 141 Iowa, 540, 120 N. W. 334; *In re Prudential Lithograph Co.* (2d Cir.) 270 Fed. 469; *White v. Huber Drug Co.* 190 Mich. 212, 157 N. W. 60; *Maddox v. Wescott,* 156 Ala. 492, 47 So. 170; 1 Wood, Landlord and Tenant (2d ed.), p. 714, sec. 321.

The trial court held this case is one in which the court should in the exercise of its discretion deny the remedy of specific performance, relying on *Droppers v. Hand* (1932), 203 Wis. 681, 242 N. W. 483, and cases there cited. We do not understand that case so held. Quoting from 3 Williston, Contracts, p. 2542, sec. 1425, it was said:

". . . that wherever a contract though legally valid is grossly unfair, or its enforcement opposed to good policy for any reason, equity will refuse to enforce it."

Respondents argue that having a licensed tavern in this building is of great value to the premises and that under the facts established respondent Realty Corporation would suffer irreparable loss if appellant was unable to comply with the terms of the lease. Any tavern license can be revoked at any time for cause. This is a hazard of this type of lease. Ap-

pellant had complied with the terms of the lease for a period of three years and it is reasonable to say he could have continued to comply if respondent Realty Corporation by its acts had not made it impossible for him to do so. ' Respondents were in no position to terminate the contract prior to July 1; 1947, and appellant's right to exercise the option to renew the contract for an additional period of three years was a provision thereof with the same force and effect as all other provisions. The contract was legal and there is nothing grossly unfair about it nor is its enforcement opposed to good public policy for any reason. We conclude it should be enforced.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in accordance with this opinion.