RATCLIFF, Appellant, vs. ASPROS and others, Respondents.

*November 18—December 15, 1948.*

For the appellant there was a brief by *Ela, Christianson & Ela* of Madison, and oral argument by *Walter P. Ela*.

For the respondents there was a brief by *Woodward & May* of Madison, and oral argument by *Arthur L. May*.

BROADFOOT, J.    Appellant seeks a reversal of the judgment of the circuit court for the following reasons: (1) The option provision in the lease is too indefinite and uncertain to be enforced and is void; (2) respondents are not the partners to which any option was given; and (3) the court erred in refusing to submit a special verdict to the jury as requested by the plaintiff.

The law in Wisconsin as to the construction of a covenant to renew a lease is well settled. In the case of *Kollock v. Scribner* (1897), 98 Wis. 104, 109, 73 N. W. 776, the lease was for a term of years "with the privilege of a renewal." The court there held that leases containing such a general promise to renew provide, in effect, an agreement to renew upon the same terms and conditions stated in the original lease except as to the condition to renew. The general rule laid down in that case follows:

"When the agreement for a renewal contains language other than that appropriate to a general promise, so that by resort to the settled rules for construction the language of the covenant to renew and conditions of the renewal cannot be made certain, then such covenant fails for want of certainty."

In the case of *Fergen v. Lyons* (1916), 162 Wis. 131, 132, 155 N. W. 935, the court was asked to construe a provision in a farm lease reading as follows: "The party of the second part has the first privilege of renting the farm if not sold at the end of the year." The court there held that such a clause was susceptible of being made certain by the application of settled rules for construction.

In the case of *Pelikan v. Spheeris* (1948), 252 Wis. 562, 563, 32 N. W. (2d) 220, the court had before it a lease containing this provision:

"It is agreed between the lessors and the lessee that the lessee will submit in writing to the lessors that he wishes to exercise his option to renew the lease on the property herein described for another period of three years time, and after the notice has been received by registered mail, the lessors will agree with the lessee as to the amount of the rent, but it is agreed at this time that the rent shall not exceed the sum of two hundred ($200) dollars per month if the option is exercised for the renewal of the lease by said parties."

That provision was held to be sufficiently definite and certain to be valid and enforceable.

In the instant case the provision for renewal is too indefinite and uncertain to be enforceable and it is void. In the lease before us no procedure is outlined, no method is indicated, and no standard is set up for determining the rental and terms of a new lease. No resort to the settled rules for construction of the language of the covenant to renew can give meaning or substance to it. The courts cannot be called upon to write contracts or to supply omissions.

A determination of this first issue makes it unnecessary to consider the remaining arguments raised by the appellant.

*By the Court.*—The judgment is reversed and the cause is remanded with directions to enter judgment in accordance with this opinion.