PELIKAN, Appellant, v. RUSSELL, Respondent: DOWNEY HEATING COMPANY, Garnishee Defendant.*

*November 29, 1965—January 4, 1966.*

---

310

[redacted]

For the appellant there was a brief and oral argument by *Carl F. Schetter* of Milwaukee.

For the respondent there was a brief and oral argument by *Charles H. Galin* of Milwaukee.

HEFFERNAN, J.   In the event the judgment for treble damages obtained in 1952 was for a willful and malicious injury, the debt is not dischargeable and the judgment will not be satisfied.  The record of that treble-damages suit has been incorporated into the record before us and, in accordance with principles heretofore recognized by this court, we may look behind that judgment and consider the entire record on which the judgment is based. *Bastian v. LeRoy* (1963), 20 Wis. (2d) 470, 478, 122 N. W. (2d) 386.  However, neither party may present evidence dehors that record. *Bastian, supra,* page 484; *Tudryck v. Mutch* (1948), 320 Mich. 86, 30 N. W. (2d) 512.

The defense of discharge in bankruptcy is an affirmative one, which the bankrupt as a defendant must allege and prove; however, once the fact of bankruptcy and discharge is shown, the party seeking to prove that the debt was of a nature that is excepted from the provisions of the act has the burden of proof. *Bastian, supra,* page 476; 9 Am. Jur. (2d), Bankruptcy, p. 610, sec. 815.

The plaintiff, Pelikan, in this case, therefore, has the burden of proving that Russell's debt was a liability "for willful and malicious injuries to the person or property of another, . . ." Sec. 17a (2), Bankruptcy Act (11 USCA, sec. 35 (a) (2)).

Confining our review to the record in the treble-damages suit, it is clear that the plaintiff has not sustained

his burden. The plaintiff in that action alleged that plaintiff sublet certain premises to the defendant, and that in May of 1947 the plaintiff gave notice terminating the defendant's tenancy, but the defendant nevertheless willfully refused to yield up possession.

The circuit court in that action found that Russell "wilfully refused and neglected to surrender possession" of the premises and found that the plaintiff was damaged by such "unlawful and wilful refusal" to surrender the premises. Treble damages were awarded in the amount of $10,016.61 plus costs. Significantly, there was no allegation of malice. For a debt to be nondischargeable under sec. 17a (2) of the Bankruptcy Act, the elements of willfulness *and* malice must be present (8B C. J. S., Bankruptcy, p. 64, sec. 574a). Mere willfulness is not sufficient. The element of willfulness was specifically found by the trial judge, however.

" 'Malice' is a concomitant of equal importance, due to the conjunctive use of 'willful and malicious' in the statute; and establishing that an act was intentionally done does not, necessarily or of itself, establish that it was done maliciously." 8 Remington, Bankruptcy (6th ed.), p. 194, sec. 3328.

The defendant does not deny the intentional nature of his conduct, but he does deny "malice."

The record in the action for treble damages is devoid of any evidence or finding that would support the plaintiff's present claim of malice. We conclude that the record of that case does not sustain the plaintiff's burden of proof. However, the plaintiff contends that the court's finding that the conduct of the defendant in holding over was "willful and unlawful" carries with it the implication that the conduct was malicious. He would have us conclude as a matter of law that "maliciousness" and "unlawfulness" are synonymous. We are unable to do so.

"Unlawful" is defined to mean "contrary to or in violation of law; not in conformity with law." Funk & Wag-

nall's New Standard Dictionary of the English Language (1941).

" 'Malice, in common acceptation, means ill will against a person, but in its legal sense it means a wrongful act, done intentionally, without just cause or excuse.' " *Tinker v. Colwell* (1904), 193 U. S. 473, 485, 24 Sup. Ct. 505, 48 L. Ed. 754, quoting from *Bromage v. Prosser*, 4 Barn. & Cres. 247.

Other courts use the "without just cause or excuse" test in discussing malice. See *In re Drowne* (D. C. R. I. 1954), 124 Fed. Supp. 842; *Campbell v. Norgart* (1944), 73 N. D. 297, 14 N. W. (2d) 260, 263; *Petrillo v. Snelbaker* (1941), 129 N. J. Eq. 437, 19 Atl. (2d) 683; *In re Cote* (1918), 93 Vt. 10, 106 Atl. 519, 521.

1 Collier, Bankruptcy (14th ed.), p. 1629, sec. 17.17, states:

"An injury to person or property may be a malicious injury within this provision if it was wrongful and without just cause or excuse, even in the absence of personal hatred, spite or ill will."

8 Remington, Bankruptcy (6th ed.), p. 192, sec. 3328, states:

"There must be a wrongful act, intentionally done, without just cause or excuse, importing malice in the legal sense. But ill will or special malice toward the particular plaintiff need not appear."

The above definitions of malice are consistent with *Saueressig v. Jung* (1944), 246 Wis. 82, 84, 16 N. W. (2d) 417, which held that:

" 'Wilful and malicious injury, . . . does not . . . involve hatred or ill will as a state of mind, but arises from a wrongful act, done intentionally, without just cause or excuse.' "

See also 9 Am. Jur. (2d), Bankruptcy, p. 588, sec. 786, and 8B C. J. S., Bankruptcy, p. 63, sec. 574.

Through all these definitions runs the thread of something substantially more than "unlawfulness." There must be evidence that the conduct was without just cause or excuse.

There is no requirement that a plaintiff show malice to recover in a treble-damages suit under sec. 291.10, Stats., nor has he done so in that case.

The plaintiff has, on the basis of that record, failed to sustain his burden of proof to show that the debt should be excepted from the discharge provisions of the Bankruptcy Act. Ordinarily, he would be concluded when the record in the action on which the judgment is based fails to show the required elements. However, in the instant case, the treble-damages action is of necessity based upon the earlier action by the plaintiff for unlawful detainer (secs. 291.01–291.09, Stats.), and that action is incorporated by reference in the treble-damages action. The record in the unlawful-detainer action and the documents incorporated therein furnish the background upon which the present controversy is based. We do not deem it necessary for the purposes of this opinion to go into all the facts of this long and protracted litigation. This controversy has been before this court on two other occasions: *Pelikan v. Spheeris* (1948), 252 Wis. 562, 32 N. W. (2d) 220; *Pelikan v. Russell* (1955), 269 Wis. 364, 69 N. W. (2d) 567. Additional details may be found in those opinions. Suffice it to say, Pelikan leased certain tavern property from Michael and John Spheeris. He subleased it to Russell. At a later date, Spheeris refused to renew Pelikan's lease, and Spheeris entered into a lease agreement directly with Russell. Pelikan commenced an action against Spheeris to compel Spheeris to specifically perform an option to renew the lease, and at about the same time commenced an action for unlawful detainer to cause Russell to surrender the premises to him. Russell defended his right to possession, relying on his lease with Spheeris, the owner. The lower court found for Spheeris

in the specific-performance suit. The unlawful-detainer action was adjourned until the specific-performance suit was finally decided, for Pelikan's right to eject Russell was dependent upon his ability to force the renewal of the lease from Spheeris. On appeal, the lower court in the action for specific performance was reversed and this court held that Pelikan had the right to continue in possession of the property as the tenant of Spheeris. This enabled Pelikan to successfully seek his writ of restitution, the ejection of Russell, and eventually judgment in the suit for treble damages against him.

A perusal of the record of these cases—the original unlawful detainer in the civil court of Milwaukee county, the suit for specific performance of the lease agreement against Spheeris in the circuit court for Milwaukee county, and the subsequent appeal—reveals them to be devoid of any evidence of malice. They not only fail to show that essential element of the plaintiff's proof, but also establish that the defendant, Russell, acted on the basis of "just cause and excuse." The record of the unlawful-detainer action reveals that he held over under a claim of right by virtue of a lease from Spheeris, who was, in fact, the owner. Russell has alleged that he held possession because he thought he had a right to do so. That his position was arguably correct is evidenced by the circuit court's decision. The invalidity of the lease from Spheeris to Russell was determined only after the mandate of this court. His conduct in retaining possession of the premises when he reasonably believed himself lawfully entitled to do so cannot be construed as malicious. His holding over was subsequently determined to be unlawful for he held possession under a lease that Spheeris was legally unable to grant. The instrument upon which Russell relied for possession proved to be a legal nullity, but the conduct of Russell was a far cry from what this court has previously denominated as willful and malicious conduct. In *Thompson v. Sloan* (1964), 24 Wis. (2d) 626, 630, 130

N. W. (2d) 256, we quoted with approval *Tinker v. Colwell* (1904), 193 U. S. 473, 487, 24 Sup. Ct. 505, 48 L. Ed. 754, which discussed what acts might be considered willful and malicious. The supreme court of the United States stated:

" '. . . a willful disregard of what one knows to be his duty, an act which is against good morals and wrongful in and of itself, and which necessarily causes injury and is done intentionally, may be said to be done willfully and maliciously, so as to come within the exception.' "

The plaintiff has failed to show that Russell's conduct was of the nature described.

Since the liability has not been proved to arise out of "willful and malicious injuries," the debt is dischargeable and the orders of the trial court are affirmed.

*By the Court.*—Orders affirmed.