CAPITOL BROOM COMPANY

*v.*

MARY L. COOK et al.

[Submitted December 9th, 1914. Decided December 12th, 1914.]

A lease contained a covenant that at the expiration of the term the lessee should have the first refusal of the premises for a further term, and that the lessor would not let the premises to any other person without first giving the lessee the privilege of renewal at the same rental that the lessor could secure from such other person.—*Held,* that such covenant was not an absolute option entitling the lessee at his election to a new term, but only if the premises were for rent after the expiration of the original term, and hence a sale of the premises by the lessor at the termination of the original term was not a violation of the covenant.

---

*Mr. Scott Scammell,* for the complainant.

*Mr. Linton Satterthwaite,* for the defendants.

BACKES, V. C.

The complainant is the substituted lessee of a factory building for a term of years which expired on July 1st last. The lease provides for the payment of rent in installments, and contains the usual stipulations and conditions, and concludes with the following covenant:

"It is further agreed that at the expiration of the said term the party of the second part shall have the first refusal of said premises for a hiring for a further period of five years on the same terms contained in this lease with the exception as to the amount of rent to be .paid by the party of the second part for the period of five years, viz., the party of the first part will not let said premises to any other person without first giving the party of the second part hereto the privilege of renewing this lease for a further period of five years at the same rental as she could secure from such other person."

Shortly before the term expired, the owner entered into an agreement of sale with a third party, without making any attempt to rent the property. The complainant tendered itself ready, and is now willing, to pay the same rental as the owner could have secured from any other person, and, by the bill, seeks to compel the execution of a new lease, at that rental; contending that the covenant gave an absolute option, which, having been accepted, vests the right to a further term of five years, upon the same terms contained in the original lease, at such rental as could be secured from any other person—a fair rental —to be ascertained by the court.

The construction which I place upon the covenant does not accord with this view. It contains an option, it is true, but one that is qualified. The complainant was to have the *first* option, the meaning of which is defined by the language under the *videlicet*, and which, when read conjunctively, makes it quite plain that the agreement of the parties was that at the expiration of the lease the complainant was to have the preference of a re- letting, if the premises were to be again demised. *Holloway* v. *Schmidt, 67 N. Y. Supp. 169.* The complainant was to have the prior right over all other competitors, in the event that the premises became the subject of competition for a further hiring. The function of the *videlicet,* as I regard it, was to explain all that preceded in the covenant, and was not merely to furnish a measure for the ascertainment of the amount to be yielded as rent, as the complainant argues. The covenant did not, nor was it intended to, prevent the owner from exercising all acts of ownership, save that of renting without giving the complainant the first chance. It was reserved to her to occupy it herself, or keep it vacant or grant it in fee to a purchaser.

This conclusion makes it unnecessary to decide the point raised by the defence, that the option or refusal of a renewal is unenforceable because of uncertainty, in that the stipulation is that the rent was to be such as any other would-be lessee was willing to pay. The subject was strenuously and elaborately argued. The question has been disposed of both ways in other jurisdictions. *Gelston* v. *Sigmund, 27 Md. 334; Arnot* v. *Alexander, 44 Mo. 25.* But, from the cases I have examined, it would seem that the weight of authority is to the effect that such a stipulation involves no element of uncertainty in the contract, and that a court of equity will determine the rental agreed upon, the sum of which was left unfixed by the parties. *Lister Agricultural Chemical Works* v. *Selby, 68 N. J. Eq.* 271.

The bill will be dismissed, with costs.