JOHN VARTABEDIAN *vs.* PEERLESS WRENCH CO.

MAY 27, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEENEY, J. This action of trespass and ejectment is before the Court on defendant's exceptions to the rulings of a trial justice of the Superior Court directing the jury to return a verdict for the plaintiff and denying the defendant's motion for a directed verdict.

Defendant leased the premises involved in this action for a term of five years, ending September 30, 1924, from plaintiff's ancestor in title. Plaintiff had notice of the lease when he purchased the premises. After the plaintiff purchased the premises the defendant paid the rent to him. The rent was payable at the rate of $18 per month. The lease contained the following provision for a further term: "It is further agreed that the lessees shall have the option to a further term under this lease of two years, at the expiration of this lease, the amount of rent for these two years to be agreed upon by both parties to this lease, but, it is expressly understood that it shall not be less than $18 per month."

Early in September, 1924, the plaintiff received notice from the president of the defendant company that it claimed its right to a further term of two years under the option given in the lease. The parties could not agree on the rent for the further term. Defendant's president offered to pay the usual monthly rent until a new rate should be fixed by arbitrators. The lease made no provision for the appointment of arbitrators, and expressly provided that the amount of rent for the two years should be agreed upon by both parties to the lease. October 1, 1924, the defendant tendered the usual monthly rent of $18 to the plaintiff. The plaintiff refused to accept the tender and commenced this action the next day.

The question is whether the clause giving the defendant the option for a further term of two years is sufficiently certain and definite as to be enforceable against the plaintiff. The plaintiff contends that the clause is void because both parties have not agreed upon the rent for the further term, and there is no provision in the lease providing for its determination. The defendant claims that the clause should be construed to mean an option for an extension of the original lease as distinguished from a renewal of it; and that it is entitled to hold possession of the premises for the

further term of two years subject to all of the conditions in the original lease.

The distinction between a covenant for the extension of a term and one to renew a lease is well recognized. In *Caito* v. *Ferri*, 44 R. I. 261, we held that the agreement was one for the extension of the original lease rather than for the renewal of it to be evidenced by a new lease. The lease contained all of the terms of the agreement between the landlord and tenant necessary for the subsequent tenancy. To entitle the tenant to the additional term he was only required to elect to continue his tenancy for the additional term. The case at bar differs from the case just cited in this essential particular, namely, the renewal clause provides that parties are to agree upon the rent for the further term. No method was provided in the lease for the determination of the rent if the parties could not agree upon the amount. From the language used there is no implication that the rental was to be the same as provided in the original lease. A renewal covenant in a lease which leaves the renewal rental to be fixed by future agreement between the parties has generally been held unenforceable and void for uncertainty and indefiniteness. 30 A. L. R., note 573. See also *Moran et al.* v. *Wellington et al.*, 101 N. Y. Misc. 594; *Pray* v. *Clark*, 113 Mass. 283. As the testimony shows that the parties did not agree upon the rent for the further term, we hold that the renewal clause is void for uncertainty and indefiniteness.

Defendant's exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment upon the verdict.

*McGovern & Slattery, Fred B. Perkins*, for plaintiff.
*Frank H. Wildes*, for defendant.