JAMISON, APPELLANT, *v.* LINDBLOM ET AL., APPELLEES.

(No. 926—Decided June 29, 1951.)

*Messrs. Zupp & Atha,* for appellant.
*Messrs. Campbell, Thompson & Finefrock,* for appellees.

GUERNSEY, J.   This is an appeal upon questions of law and fact from a judgment of the Common Pleas Court of Logan County, Ohio, in an action wherein Hugh Jamison, the appellant, was plaintiff, and Miriam J. Lindblom and C. Martin Lindblom, the appellees, were defendants.

By stipulation of the parties, the cause was submitted to and tried by the court upon the transcript of the evidence, proceedings, and record upon the trial of the cause in the Common Pleas Court.

The plaintiff is the lessee and the defendants are the lessors in a certain written lease of a certain business room in the city of Bellefontaine, Logan county, Ohio, entered into between the parties under date of the 14th day of March, 1945, whereby the lessors leased said business room to the lessee for a term of five years beginning on the 1st day of April, 1945, and ending on the 31st day of March, 1950, inclusive, at a rental and upon the terms and conditions therein specified.   Said lease, among other things, contained a provision as follows:

"It is mutually covenanted and agreed by and between said lessors and lessee as follows:

"(1) That at the expiration of the within lease the lessee herein shall have the right of refusal of a new lease of said premises for a price to be agreed upon by the parties, before the same are leased to a party other than this lessee."

Upon the 19th day of February, 1951, the plaintiff filed this action in the Common Pleas Court to require defendants to execute to him a new lease of said premises for a term of five years from and after March 31, 1950, at a reasonable rental value to be fixed by the court, and to enjoin the defendants from commencing a proceeding in forcible detainer against plaintiff during the pendency of the action, and for such other relief as the application of equity may require.

From the transcript of evidence in the case it appears that the plaintiff has remained in possession of the premises in question since the expiration of the term of said lease, paying rental therefor at the rate prescribed in said written lease; that the defendants, although requested by him, have failed to execute and deliver to him a new lease for said premises for a term of five years from and after the 31st day of March, 1950; and that the defendants have arranged to lease said premises and an adjoining business room owned by them to a party other than the plaintiff, and have given the plaintiff a notice to vacate said premises.

In support of the remedy asked for by him in his petition, the plaintiff contends that the language of the lease, hereinbefore quoted, has appeared in one form or another in many leases, and is commonly referred to as coming within the "first privilege doctrine," and that such a provision assures the lessee of the first privilege of reoccupying the premises at the

end of his term, *provided*, the lessor desires to again let the premises. If the lessor prefers to occupy the premises himself, hold the property vacant, or sell the same, the lessee has no rights to enforce. Only when the lessor desires to again lease the premises can the lessee assert his right of the first refusal before the same can be leased to other parties. *Callahan Co.* v. *Michael,* 45 Ind. App., 215, 90 N. E., 642; *Landowners Co.* v. *Pendry,* 151 Kan., 674, 100 P. (2d), 632, 127 A. L. R., 890; *Cloverdale Co.* v. *Littlefield,* 240 Mass., 129, 133 N. E., 565; *Capital Broom Co.* v. *Cook,* 84 N. J. Eq., 105, 92 A., 794; *Halloway* v. *Schmidt,* 33 Misc., 747, 67 N. Y. Supp., 169.

Plaintiff further contends that the following rules of construction are applicable to the quoted provisions of the lease:

"Where all the terms of such a lease are fixed save that the rental for the extended term is to be fixed by agreement between the parties, the fixing of the rental by the court of equity is a matter of form rather than of substance and does not amount to the making of a contract for the parties." *Moss* v. *Olson,* 148 Ohio St., 625, 76 N. E. (2d), 875.

" 'As a general rule in construing provisions of a lease relating to renewals, where there is any uncertainty, the tenant is favored, and not the landlord, because the latter, having the power of stipulating in his own favor, has neglected to do so, and also upon the principle that every man's grant is to be taken most strongly against himself.' " *Moss* v. *Olson, supra,* at page 633.

"A general covenant providing for the renewal of a lease is sufficiently certain since it implies a new leasing upon the same terms and conditions as the old lease. On the other hand, if the renewal clause provides that the lease may be renewed upon such terms

as the parties may agree upon, the same is void for uncertainty.'' 3 Thompson on Real Property (Perm. Ed.), 360, Section 1263.

We approve the contention of plaintiff as to the rules of law mentioned applying to clauses of leases of real estate under the laws of Ohio, but note that they apply only to clauses which purport to give to the lessee the right of refusal of a renewal of a written lease.

We will therefore consider whether the quoted provisions of the lease in question in the instant case come within the purview of the rules mentioned.

It will be noted, upon inspection of the clause, that the right given to lessee is not his right of refusal of a renewal lease of the premises for a price to be agreed upon by the parties, but is the right of refusal of a new lease of said premises for a price to be agreed upon by the parties.

A covenant for the renewal of a lease, as distinguished from a covenant for a new lease, contemplates and implies that such renewal lease shall be for a similar term commencing at the expiration of the original lease, and upon similar terms and conditions, whereas a covenant for a new lease, as distinguished from a renewal lease, contemplates and implies only that a new lease shall be given only for such time and upon such terms and conditions as may be agreed upon at the time by the parties.

While it is true that under the decision in the case of *Moss* v. *Olson, supra,* hereinbefore quoted from, the court, under the quoted provision of the lease, would have a right to fix the rental for the premises in question, it would not have the right to fix the length of term of the new lease, or the other terms and conditions thereof.

As the length of the term of the new lease and the

other terms and conditions thereof, other than the rental to be paid, may be fixed only by agreement of the parties, the clause is too indefinite in character to be enforced by specific performance. The court will, therefore, dismiss plaintiff's petition, at his costs, and assess the other costs in the cause against the plaintiff.

*Judgment accordingly.*

MIDDLETON, P. J., and JACKSON, J., concur.