LEIDER and wife, Respondents, vs. SCHMIDT and wife, Appellants.

*November 8—December 4, 1951.*

*Frank X. Didier* of Port Washington, attorney, and *Elliot N. Walstead* of Milwaukee of counsel, for the appellants.

For the respondents there was a brief by *Schanen, Schanen & Pauly* of Port Washington, and oral argument by *Erwin N. Pauly.*

FAIRCHILD, J.   The complaint alleges that the defendants leased to the plaintiffs by written agreement property known as 105 North Franklin street, Port Washington, Wisconsin, for a term of five years commencing April 15, 1946, at a rental of $175 a month; that among other provisions of the lease was one reading as follows:

"Lessees shall have the right and privilege of another term of five years from said 15th day of April, 1951, on terms

and conditions to be agreed upon at the expiration of the above-granted term."

That on November 28, 1950, the plaintiffs caused to be served upon the defendants a notice of intention to exercise the option of renewing the lease for a term of five years and in said notice offered as rental the sum of $175 per month; that on the 27th day of December, 1950, the plaintiffs received a communication from the defendants through their attorney, offering to renew the lease for a rental of $325 per month; that the rental demand on the part of the defendants is exorbitant and unreasonable; and that the defendants refuse to negotiate further to renew the lease.

The complaint then alleges that plaintiffs, in reliance upon the provision in the lease for an additional five-year term, operated a drug store in the premises known as "Leider's Rexall Drug Store;" that they established a reputation for service coupled with the location; that they expended large sums of money advertising the location and have contracts for advertising subsequent to April 15, 1951, directed to the drug store at said location; that they made valuable improvements and repairs in and upon said premises; that these efforts and expenditures will be lost if the lease is not renewed; that the plaintiffs have no adequate remedy at law, and irreparable injuries will be sustained by them unless the court exercises its equitable powers.

The demurrer was on the ground that the complaint did not state facts sufficient to constitute a cause of action. The plaintiffs based their case upon the premise that this court has not passed upon the exact issue raised by the pleadings and rely upon the reasoning in cases in other jurisdictions, such as *Young v. Nelson,* 121 Wash. 285, 209 Pac. 515; *Edwards v. Tobin,* 132 Or. 38, 284 Pac. 562; *Slade v. Lexington,* 141 Ky. 214, 132 S. W. 404; *Rainwater v. Hobeika,*

208 S. C. 433, 38 S. E. (2d) 495; *Moss v. Olson,* 148 Ohio St. 625, 76 N. E. (2d) 875, and others.

The defendants, on the other hand, contend that the option provision in the lease is too indefinite and uncertain to be enforced and is void, and that the opinion of this court in *Ratcliff v. Aspros,* 254 Wis. 126, 35 N. W. (2d) 217, has settled the question in this state. In the *Ratcliff Case,* the provision in the lease was as follows (p. 127):

"The landlord in consideration of the rentals herein agreed to be paid, hereby gives to the tenant an option for an extension of this lease for a period of five years from February 28, 1948, at rental and terms to be mutually agreed upon between the parties not less than one hundred twenty days in advance of the expiration of this lease."

In that decision this court reviewed the prior cases in Wisconsin and concluded by stating (p. 129):

"In the instant case the provision for renewal is too indefinite and uncertain to be enforceable and it is void. In the lease before us no procedure is outlined, no method is indicated, and no standard is set up for determining the rental and terms of a new lease. No resort to the settled rules for construction of the language of the covenant to renew can give meaning or substance to it. The courts cannot be called upon to write contracts or to supply omissions."

The plaintiffs attempt to distinguish the present case from the *Ratcliff Case* by stating that in the latter case both rental and terms were to be mutually agreed upon by the parties, while in the present case they contend that the original lease was supplemented and modified when the defendants agreed to renew the lease at a rental of $325 per month, and that where rental alone is undetermined the court in an equitable action has the right to decree specific performance of the option clause at a reasonable rental to be determined by the court.

The cases from other jurisdictions relied upon by the plaintiffs and cited above were all reviewed at the time of the decision in the *Ratcliff Case,* and our determination in that case has fixed the rule in Wisconsin.

*By the Court.*—The order is reversed and the cause is remanded with directions to enter an order sustaining the demurrer.