## FULLER v. MICHIGAN NATIONAL BANK.

1. Landlord and Tenant—Construction of Lease.

Lease must be construed rigidly against the owners in case of doubt or ambiguity, where it was prepared by an attorney for the owners.

2. Same—Renewal—Value of Rent.

Renewal clause of lease, providing an upper limit but not fixing the rental for the renewal period, was properly construed as intended for the benefit of the lessee who had been given the option of renewal, hence the rental to be fixed should be the fair rental value to be paid by the tenant in continuing his present business of restaurant and bar rather than by the rental value to anyone for any business purpose.

Appeal from Kent; Souter (Dale), J. Submitted January 7, 1955. (Docket No. 67, Calendar No. 46,390.) Decided March 9, 1955.

Bill by Ted A. Fuller against Michigan National Bank, a Federal banking corporation, for determination of fair rental value under lease and for specific performance. Decree for plaintiff. Defendant appeals. Affirmed.

*Sigmund S. Zamierowski* (*Charles L. Dutchess,* of counsel), for plaintiff.

*McCobb, Heaney & Dunn,* for defendant.

---

References for Points in Headnotes

[1] 32 Am Jur, Landlord and Tenant § 128.
[2] 32 Am Jur, Landlord and Tenant § 962.

BOYLES, J.  The sole question here for decision is, what is the fair rental value of certain premises during a 5-year extension of a written lease.

Plaintiff is the lessee of the ground floor and basement of a certain brick building in Grand Rapids now owned by the defendant as lessor.  In 1948 plaintiff rented the premises here involved, from the then owners, for a term of 5 years ending May 31, 1953, for a rental of $300 per month, under a written lease which contained the following option:

"Landlord hereby grants to tenant an option for a lease for 5 additional years at a rent to be agreed upon, dependent on then existing conditions, but in any event not to exceed a 100% increase over the rent in this instrument provided."

In March, 1953, the plaintiff notified the defendant of his election to exercise the renewal option but the parties were unable to reach an agreement as to what the rental should be for the extended term.  Thereupon the plaintiff filed this bill of complaint in chancery in the circuit court in Kent county alleging that the defendant had refused to renew the lease except at a 100% rent increase, that a fair rental for the renewal term would be $300 per month, asking the court to determine the fair rental for the renewal term, and that the court decree specific performance of the lease.

Issue was joined, testimony taken, the court found that a fair rental would be $350 per month and decreed specific performance.  The defendant appeals, and asks that the decree be set aside and one entered for specific performance fixing the fair rental value of the premises for the renewal period at $500 per month.

The defendant claims that the trial court in determining fair rental value erred by restricting its consideration to comparative rentals for business

like the plaintiff's (restaurant and bar) and disregarded evidence of rental value of comparable premises in the area and also of fair return on investment. Decision hinges upon what construction should be given to the wording of the option which the owner granted to the tenant for "a lease for 5 additional years at a rent to be agreed upon, dependent on then existing conditions."

The lease was prepared by an attorney for the owners and, in case of doubt or ambiguity, must be resolved most rigidly against the party preparing it, in determining its legal effect. *Lower* v. *Muskegon Heights Co-operative Dairy,* 251 Mich 450; *Higbie* v. *Chase* (syllabus 7), 306 Mich 577; *L. A. Walden & Co.* v. *Consolidated Underwriters* (syllabus 5), 316 Mich 341.

Three witnesses qualified as experts and testified as to fair rental value of this property. Two of them testified for the plaintiff—one said $275 per month, the other testified $350 per month. The third witness, for the defendant, testified the fair rental value should be $500 per month. There apparently was a good explanation for this wide spread. The opinion of the 2 appraisers for the plaintiff was based upon rental value of the property in question being used by this plaintiff under the renewal option in the lease as a restaurant and bar, while the opinion of the defendant's witness as to the rental value was not restricted to the use of the property by the plaintiff, or by any person for a restaurant and bar. His opinion assumed that the property could be rented to anyone for any business purpose. In other words, he did not necessarily have in mind that the use of the property would be restricted to plaintiff's business. All 3 witnesses agreed that there had been a considerable change in the conditions surrounding this particular piece of property since the date of the original lease. There had been a considerable

reduction in the number of pedestrians who would use this street. An attempt was made to compare rental value of the location of the property in question with other businesses, located elsewhere, that would attract pedestrians.

In construing the lease the trial court said:

"This renewal clause must be construed to mean that it was the intention of the parties to the lease that the rental for the additional 5 years was to be determined upon the assumption that the lessee elected to remain the additional 5 years and that his rental for that period should depend upon the 'then existing conditions.' This renewal clause was intended to be for the benefit of the lessee, the plaintiff in this case, in carrying on his restaurant and bar business, and not the lessor. * * * This court cannot be at all concerned with what the present lessor may have paid for the property. Perhaps it paid too much. In any event, as heretofore noted, it is the opinion of the court that it was the intention of the original parties to the lease that the renewal provision was inserted for the benefit of the tenant and that the rent to be paid during the additional 5 years was to be determined by ascertaining the fair rental to be paid by the present tenant or by a retail business comparable to the business conducted by the tenant."

We are in full accord with the conclusions of the trial court. Under the proofs adduced it would have been possible for the court to fix the rental at even less than $350.

Affirmed. Costs to appellee.

CARR, C. J., and BUTZEL, SMITH, SHARPE, REID, DETHMERS, and KELLY, JJ., concurred.