208 So.2d 485 (1968)
STATE ROAD DEPARTMENT of Florida, an Agency of the State of Florida, Appellant,
v.
TAMPA BAY THEATERS, INC., Appellee.
No. 67-326.
District Court of Appeal of Florida. Second District.
March 27, 1968.
*486 P.A. Pacyna and Louis S. St. Laurent, Tallahassee, for appellant.
John W. Boult, of Fowler, White, Collins, Gillen, Humkey & Trenam, Tampa, for appellee.
LILES, Chief Judge.
Appellant brings this appeal from a judgment entered in an eminent domain proceeding and specifically attacks that portion of the judgment which awards $55,270.00 in damages to appellee.
On September 14, 1966, appellant petitioned for the condemnation of certain lands in Hillsborough County for the purpose of constructing a section of Interstate 75. Such lands included what was designated as "Parcel 230." Appellee was lessee of a portion of Parcel 230 and operated a drive-in theater thereon. The construction plans called for the erection of a fence across appellee's portion in a manner which would render the theater practically inaccessible. The trial court established May 12, 1967, as the date of the taking of Parcel 230, but the parties stipulated that the aforementioned fence would not be erected prior to September 1, 1967, thus eliminating any damages to appellee prior to that date. Appellee's lease was to expire on August 31, 1967, but it contained a clause which granted appellee an option to renew the lease "for an additional term of five years and at a reasonable rental which shall then be agreed upon by the parties hereto." The lease required appellee to give the lessor ninety days' notice of its intent to exercise the renewal option, i.e., by June 2, 1967.
At the trial, appellee's secretary-treasurer testified that appellee had not exercised its renewal option because the condemnation proceedings had made it inadvisable to do so. The trial court instructed the jury that the option was valid and that they should consider the option period regardless of whether the option had been exercised, provided they were of the opinion that appellee would have exercised it had the condemnation proceedings not been pending. Appellant contends that the option did not give appellee a compensable interest, for the reasons that (1) it was unenforceable, (2) it had not been exercised, and (3) it required the jury to indulge in contractual constructions and, thus, to exceed its statutory function.
Appellant's first contention, more specifically, is that the option was unenforceable because it failed to specify the amount of rent payable for the option period. This contention is without merit. A renewal option which fixes the term and leaves the rental for future agreement is valid and enforceable. Shaw Bros. Oil Co. v. Parrish, Fla. 1958, 99 So.2d 610, 612; cf. Camichos v. Diana Stores Corp., 1946, 157 Fla. 349, 350, 358-359, 25 So.2d 864, 865, 869-870.
Appellant's second contention is that appellee's failure to exercise its renewal option precluded its recovery of damages for the period beginning September 1, 1967 (in which case, because of the stipulation *487 regarding the erection date of the fence, appellee would recover no damages at all). It is recalled that the trial court established May 12, 1967, as the date of the taking of Parcel 230. Even though appellee was not entitled to any damages prior to the expiration of its lease, its interest had to be determined as of the date of taking.
As of May 12, 1967, appellee was lessee under an unexpired lease which granted him a valid, enforceable, and still exercisable option to renew for an additional five years. A valid option to renew a lease is in itself an interest in land such as will support a compensation award in an eminent domain proceeding. See State of Cal. ex rel. State Public Works Board v. Whitlow, 1966, 243 Cal. App.2d 490, 52 Cal. Rptr. 336, 339-340; Canterbury Realty Co. v. Ives, 1966, 153 Conn. 377, 216 A.2d 426, 430; Sholom, Inc. v. State Roads Comm'n, 1967, 246 Md. 688, 229 A.2d 576, 580-582; Land Clearance for Redev. Corp. v. Doernhoefer, Mo. 1965, 389 S.W.2d 780, 785-786. To require the holder of such an option to exercise it between the time the condemnation petition is filed and the time of taking would be pointless. Land Clearance for Redev. Corp. v. Doernhoefer, supra, 389 S.W.2d at 787. The determinative question is not whether the option has, in fact, been exercised, but whether the lessee would have exercised it had the condemnation proceedings not been pending. See State of Cal. ex rel. State Public Works Board v. Whitlow, supra, 52 Cal. Rptr. at 340. Such question is so closely related to the determination of the amount of compensation to be awarded that it falls within the statutory province of the jury. See Fla. Stat., Sec. 73.071(3) (b) (1965), F.S.A. See also State of Cal. ex rel. State Public Works Board v. Whitlow, supra, 52 Cal. Rptr. at 340.
The proper procedure, then, is for the trial court to instruct the jury to consider the renewal option regardless of whether it has been exercised, but to award compensation based thereon only if they believe from the evidence that the lessee would have exercised it had the condemnation proceedings not been pending. Such is exactly what the trial court did in the case at bar, and the jury's finding that appellee would have exercised the option is clearly supported by the evidence.
Appellant's final contention is that the jury, in considering the option to renew, was required to decide what would have constituted a "reasonable rental" for the option period and, thus, was required to exceed its statutory function of determining "solely the amount of compensation to be paid." See Fla. Stat., Sec. 73.071(3) (1965), F.S.A. This contention is also without merit. The determination of a reasonable rental was merely a facet of the determination of the amount of compensation to be paid.
No error having been shown, the appealed judgment is affirmed.
Affirmed.
ALLEN and HOBSON, JJ., concur.