217 So.2d 885 (1969)
The BARTKE'S, INC., Appellant,
v.
HILLSBOROUGH COUNTY AVIATION AUTHORITY, Appellee.
No. 68-410.
District Court of Appeal of Florida. Second District.
January 24, 1969.
*886 William Terrell Hodges, of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellant.
Stewart C. Eggert, of Allen, Dell, Frank & Trinkle, Tampa, for appellee.
MANN, Judge.
Appellant operates a restaurant and cocktail lounge in the present terminal at Tampa International Airport under an agreement dated October 23, 1962 captioned "Modification and Renewal and Extension of Lease," incorporating all of the provisions of the original lease, dated March 11, 1952, except that the rental to be paid was increased both as to percentage and guaranteed minimum and the "right" to renew was deleted. The earlier lease provided that:
"* * * the Lessee shall have the option and privilege of a renewal of the lease for an additional period of ten (10) years upon the same covenants and conditions, except that the amount of rent to be paid by the Lessee during the term of the renewal shall be an amount to be agreed upon between the Lessor and the Lessee at the time of the exercise of such option and privilege of renewal."
There was also, in the 1952 document, a provision that "all disputes and differences arising out of this lease shall be settled and finally determined at Tampa International Airport, in the County of Hillsborough and State of Florida, by arbitration. * * *"
The original lease described, in an exhibit, space on the second floor of the present building. The later document describes an enlargement of the same space and includes an exhibit which plainly shows the proposed terminal about a mile away and specifically shows a heavy line encircling the leased premises in the existing building with the legend: "Area location of premises more particularly described in the lease between the Hillsborough County Aviation Authority and The Bartke's, Inc., dated March 11, 1952."
While the Authority was actively engaged in planning the new facility, appellant's attorney advised the Authority that his client claimed that "if there is to be a restaurant and cocktail lounge operated in the new facility, it can be operated solely pursuant to the existing lease between the Authority and The Bartke's, Inc."
The Authority filed an action for judgment "declaring and adjudicating the respective rights and duties of the plaintiff and defendant under the above described lease; and further declaring that defendant does not have the right to operate under said lease in the New Terminal Complex."
The appellant filed a motion and application for an order staying cause and compelling arbitration. This appeal, pursuant to Florida Statutes § 682.20(1) (a), F.S.A., followed.
*887 The date of the lease disposes of the appeal. If 1952, prior to the effective date of the arbitration code, the clause in the original agreement would not be valid. If 1962, the arbitration clause, incorporated by reference into the later agreement, would compel submission of questions arising under this lease. However, rights in property clearly not covered by the lease could not be created by arbitration. Florida Statutes § 682.14(1) (a), F.S.A.
We think the agreement styled "Modification and Extension and Renewal of Lease" was in fact a new agreement. There was no right to an extension, since the terms were left open to agreement, and the substance, not the style, of a document determines its nature. See National City Truck Rental Co. v. Southern Mill Creek Products Co., Inc., Fla.App. 1968, 213 So.2d 261. Leibowitz v. Christo, Fla. 1954, 75 So.2d 692, and Kornblum v. Henry E. Mangels Co., Fla.App. 1964, 167 So.2d 16, 10 A.L.R.3d 812, relied on by appellee, were simple renewals which rest on nothing more than options contained in the original leases. Here the parties were not bound to renew, and if terms could not be agreed upon the invalid arbitration clause in the earlier agreement could not have been resorted to to compel them to supply the missing, but essential, terms of their agreement. But the 1962 agreement incorporated the arbitration clause, then valid, by reference.
The cause should be stayed and arbitration compelled. Jurisdiction should be retained because the circuit court is asked to consider issues outside the agreement of the parties. But there will be time to consider these after the arbitration award, if indeed any further consideration is then necessary. If there are then objections to the award they may be considered by the circuit court along with the issues raised by the complaint and answer but not covered by agreement.
Reversed and remanded for further proceedings not inconsistent with this opinion.
LILES, C.J., and HOBSON, J., concur.