MANN, Judge.
A question is certified which our former opinion, Bartke’s, Inc. v. Hillsborough County Aviation Authority, Fla.App.1969, 217 So.2d 885, raises. The issue centers around Bartke’s claimed right to first refusal on the restaurant and cocktail lounge facilities in the new Tampa airport terminal. The Aviation Authority contends that if the trial court must first determine whether such a right exists there is nothing to arbitrate. Bartke’s contends that its rights to a concession in the new terminal are arbitrable. They are not.
Whether there are in fact arbitrable issues we do not know. It is certain that Bartke’s claimed contractual right to the restaurant and cocktail lounge concession in the new terminal is refuted by the lease itself. And the allegation of an equitable right of first refusal may be entertained by the circuit court, in the present action. It is not a dispute arising out of the lease. We do not foreclose the possibility, however, that there either are or may be disputes which do arise out of the lease occasioned by the Authority’s removal of the lessee’s traffic to a new terminal. Our prior opinion, dealing solely with the effectiveness of the arbitration clause, was intended to direct the issuance of an order compelling *175 arbitration of any such issue now or hereafter existing under the lease.
The dividing line is a simple one: issues relating to the new terminal, whether predicated upon alleged contractual or equitable rights, are justiciable in the circuit court; issues relating to Bartke’s lease in the present terminal are arbitrable. The 1962 lease plainly excludes any contractual rights in the new terminal.
LILES, C. J., and HOBSON, J., concur.