Argued June 4, affirmed September 10, petition for
rehearing denied October 9, 1973

KARAMANOS ET AL, *Respondents, v.*
HAMM ET UX, *Appellants.*

513 P2d 761

[ 1 ]

*Garrett L. Romaine,* Portland, argued the cause for appellants. With him on the briefs was Patrick M. Callahan, Portland.

*James J. Damis,* Portland, argued the cause and filed a brief for respondents.

BRYSON, J.

Plaintiffs are the owners of commercial property in Portland, Oregon, which was leased to Charles G. Widman for a period ending June 30, 1972. Widman operated a tavern on the premises which he sold to the defendants, and on February 5, 1971, he assigned his leasehold interest in the premises to the defendants. Plaintiffs executed a consent to the assignment of the lease to the defendants which contained the following language:

"As further consideration for the acceptance of this lease by assignee, James E. Hamm and Laurel A. Hamm, husband and wife, the undersigned lessors hereby extend the above described lease for a period of two years from June 1, 1972 to June 1, 1974 under the same terms and conditions as to said lease contained, except that the monthly

rental during the extension period of said lease is to be $ _negotiable_ ."

The record discloses that the parties did not agree upon a monthly rental during the "extension period" of the lease. After 30 days' notice to defendants to vacate the premises, plaintiffs brought this forcible entry and detainer action. The parties stipulated to the facts and presented a legal question to the trial court:

"THE COURT: In other words, you are telling me that the issue to be resolved in the forcible entry and detainer action is whether there was an extension of the lease by virtue of Exhibit 3 [quoted above]; is that what you are saying?

"* * * Yes, that is what we are saying, * * *."

The trial court entered judgment in favor of plaintiffs, granting them restitution of the premises. The defendants appeal and contend that the court erred in failing to construe the consent to assignment of lease as having created in defendants a valid extension of the lease to June 1, 1974.

Defendants argue that the language in the consent to assignment, "under the same terms and conditions as to said lease contained," is determinative of the parties' intention.

Plaintiffs contend that the extension of the lease is fatally incomplete because it fails to express a rental consideration and does not contain any standard or method by which the indefiniteness can be cured. Plaintiffs rely upon *Young v. Neill,* 190 Or 161, 220 P2d 89 (1950), and *Slayter v. Pasley,* 199 Or 616, 264 P2d 444 (1953). Plaintiffs further contend that the word "negotiable," as used in the consent to assignment, is not a moot statement and that the connotation of the use of the word "negotiable" infers that "some-

thing still is in the process of being resolved" and although the parties may have intended to extend the lease period, the agreement is not sufficiently complete and is therefore neither valid nor enforceable.

■ There are three essential elements of a lease: a description of the property, the duration of the term, and the rental consideration. *Bennett v. Pratt,* 228 Or 474, 477, 365 P2d 622 (1961); *Young v. Neill,* 190 Or 161, 166, 220 P2d 89, 91 (1950); *Bevan v. Templeman,* 145 Or 279, 289, 26 P2d 775 (1933).

> "* * * Lacking such definiteness of time and rent there is no contract to extend or renew, and the agreement is void for inactivity. The exact terms may be left for future arbitration provided the method is fixed but if there is no such certain method the agreement is void for uncertainty." (Citations omitted.) 3 Thompson on Real Property (Repl 1959) 420, § 1119.

In *Slayter v. Pasley, supra,* a similar provision to extend a lease period was in controversy. The relevant portion stated:

> " '* * * [I]t is further agreed that the Lessees herein * * * may have an option for an extension of the period covered by this lease, the amount of the rental of the premises to be agreed upon at that time. * * *' " 199 Or at 618.

This court held:

> "The majority rule, in essence, is that a provision for the extension or renewal of a lease must specify the time the lease is to extend and the rate of rent to be paid with such a degree of certainty and definiteness that nothing is left to future determination. If it falls short of this requirement, it is not enforceable. * * *" 199 Or at 620.

The court further stated:

> "The majority holdings, as well as the deviations therefrom, reflected by *Edwards v. Tobin et al.,* * * * have as their basic foundation that long existent precept of contract law, namely, that an agreement to make a contract is not binding unless all the terms and conditions are agreed upon, and nothing is left to future negotiation. * * *.

> " '* * * [I]n all cases the minds of the parties must meet on the terms not only of the present convention, but also as to those of the covenants yet to be executed. * * *' " 199 Or at 627-28.

■ Although *Slayter* involved an option for an extension of a lease, the rule that the agreement must provide a rate of rent with a degree of certainty and definiteness or with some means or mode for determination of the rent rate applies equally in a provision for an extension of the lease as well as in an option for an extension of the lease.

■ The parties in the case at bar intended to provide for an extension of the lease but there is no evidence before this court other than the written instruments, and we must therefore conclude that the consent to the assignment of the lease failed to meet the required degree of certainty for the rate covering the monthly rental. We cannot ignore the crucial phrase, "except that the monthly rental during the extension period of said lease is to be $  negotiable  ." A reasonable construction is that the lease was to be extended under the same terms and conditions of the assigned lease *except the terms and conditions applying to the rate of rental.* This was to be negotiated, but the record is silent that any negotiations were attempted. The rental provisions clearly fall within the principle laid down by this court in *Slayter v. Pasley,*

*supra.* Since the essential element of monthly rental is lacking in the consent to the assignment and there is no method providing for fixing the amount of rental, the agreement to extend the lease is fatally defective and unenforceable.

Affirmed.