JOHN CASSINARI, Appellant, v. CHARLES W. MAPES and GLORIA MAPES WALKER, Respondents.

No. 7902

December 5, 1975                    542 P.2d 1069

*Raggio, Walker, Wooster, Pilkington, and David Guinan,* of Reno, for Appellant.

*Halley and Halley,* and *Oliver C. Custer,* of Reno, for Respondents.

## OPINION

By the Court, THOMPSON, J.:

This action was commenced by John Cassinari as lessee in response to notices to quit served upon him by Charles W.

Mapes and Gloria Mapes Walker, lessors. He sought a court declaration regarding the status of his lease, an injunction against the lessors' interference therewith, and damages for breach of the covenant of quiet enjoyment. The lessors counterclaimed for restitution of the premises.

The written lease, effective September 1, 1966, through August 31, 1971, at a monthly rent of $450, granted lessee "the exclusive right to secure a new lease upon the property covered hereby for an additional period of Five (5) years from and after the expiration of the term hereof upon the same terms and conditions as herein set forth, at a monthly rental to be determined at that time."

Since the rent was not specified, nor a method provided for determining rent in case of disagreement, the district court ruled that the option to extend the term of the lease was too vague to be enforced. The court also declined to apply the doctrine of part performance to the circumstances before it. Consequently, injunctive relief was denied the lessee, and restitution of the premises to the lessors was ordered. By reason of its holding, the court was not obliged to decide other issues in the case. The lessee has appealed.

As already noted, the original five-year term was to expire August 31, 1971. In March, and again in April, 1971 the lessee notified the lessors in writing of his intention to extend the lease for an additional five years, and in the latter notification, requested that a time and place be scheduled to determine the rent to be charged. Attorneys for lessee and lessors discussed the matter before August 31, 1971, but did not resolve it. The lessee and lessors did not themselves communicate with each other regarding the rent to be charged for the extended term.

On August 17, 1971, before expiration of the original term, the President of the United States issued executive order No. 11615 which prohibited the raising of rents after its issue. This order was effective for six months.

From September 1, 1971, until May 1974, the lessee continued paying $450 a month rent and the lessors accepted those monthly payments without protest. In May 1974, the lessors served two notices to quit upon the lessee, each demanding that he surrender the premises by June 1, 1974. The first of said notices asserted that the lessee was selling wine in violation of the lease, and the second notice advised that the lessors had elected to terminate the lease because the premises had become uninhabitable. This litigation followed.

1. A covenant to extend a lease upon such terms as may be agreed upon is a nullity and unenforceable since all the terms of the extension are left for future agreement. City of Reno v. Silver State Flying Serv., 84 Nev. 170, 175, 438 P.2d 257 (1968). In the case before us, however, all terms and conditions of the renewal were settled, leaving only the rental to later be determined. There is a division of authority as to enforceability in this circumstance.[1] We are persuaded that the better view is to enforce such a provision for extension. Playmate Club, Inc. v. Country Clubs, Inc., 462 S.W.2d 890 (Tenn. App.1970); Moolenaar v. Co-Build Companies, 354 F.Supp. 980 (D.C.V.I., 1973); Edwards v. Tobin, 284 P. 562 (Ore. 1930); Chaney v. Schneider, 206 P.2d 669 (Cal.App.1949); Fuller v. Michigan National Bank, 68 N.W.2d 771 (Mich. 1955).

It is appropriate to enforce such a provision since the clause for renewal constitutes part of the consideration for the original lease, and was without question intended by the parties to have meaning and to be effective. Surely we may not presume that one of the signatories agreed to the provision only in the secret belief that it would prove unenforceable. It is proper, then, to imply that the parties intended a reasonable rent for the extended period. If unable to agree, a court should be allowed to fix the rental since economic conditions are ascertainable with sufficient certainty to make the clause capable of enforcement. This view, we think, carries out the true intention of the parties, and does not constitute a making of a lease by the court in opposition to the desire of lessor and lessee.

Consequently, we reverse the determination below that the provision for extending the term of the lease is too vague to be enforceable.

2. The lessee surrendered possession of the leased premises to the lessors in compliance with the decision below and did not endeavor to secure a stay pending appeal. The building, a portion of which was the subject of the lease in issue, has been demolished by the lessors and the land on which it was located is now being used as a parking lot. The lessee presently

[1]The relevant cases are collected in an annot. at 58 A.L.R.3d 500 entitled "Validity and Enforceability of provision for renewal of lease at rental to be fixed by subsequent agreement of parties."

is conducting his restaurant business at another location. Of these facts we take judicial notice. NRS 47.130(2).[2]

Thus, it is apparent that the injunctive relief sought by the lessee in the first instance, and his request that the renewal covenant be specifically enforced, no longer tenders a viable issue.

The lessee, however, also sought to recover damages for the lessors' alleged breach of the covenant of quiet enjoyment. That issue was not fully litigated since the hearing centered upon the effectiveness of the renewal provision of the lease. In view of our disagreement with the trial court on that central issue, a remand is in order to consider the question of damages, if any, sustained by the lessee.[3]

Reversed and remanded.

GUNDERSON, C. J., and BATJER, ZENOFF, and MOWBRAY, JJ., concur.

---

[2]NRS 47.130(2): "A judicially noticed fact must be: (a) generally known within the territorial jurisdiction of the trial court; or

(b) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned so that the fact is not subject to reasonable dispute."

[3]Regarding damages, it is appropriate to observe that had the trial court found the renewal provision enforceable, damages would not have automatically followed. Other issues presented to that court would have had to be determined. For example: whether the lessors' reasons for terminating the tenancy (the sale of wine—that the premises had become uninhabitable) were valid, or merely subterfuge to enable the lessors to carry out their plans to demolish the building and use the property for purposes more beneficial to them. And, of course, the issue is further clouded by events that have transpired since the entry of judgment below.