426 So.2d 980 (1982)
EDGEWATER ENTERPRISES, INC., Etc., Appellant,
v.
Roger W. HOLLER, Jr., Appellee.
No. 81-1101.
District Court of Appeal of Florida, Fifth District.
December 29, 1982.
Rehearing Denied February 11, 1983.
*981 Merritt H. Powell, Daytona Beach, for appellant.
H. Charles Woerner, Jr., South Daytona, for appellee.
COWART, Judge.
The issue in this case is whether a renewal provision in a lease, which specifies the length of the term of the renewal but leaves the amount of the monthly rental during the renewal period to be negotiated, is sufficiently definite to be legally enforceable.
The lease in question contained the following clause:
RENEWAL OF LEASE
16. Tenant shall have the option to take a renewal lease of the demised premises for the further term of three (3) years from and after the expiration of the term herein granted at a monthly rental to be arbitrated, negotiated and determined among the parties to this lease at said time.
In compliance with another provision of the lease, appellant-lessee timely notified appellee-lessor of the exercise of this option to renew. The parties' negotiations as to the rental to be paid during the rental period were unsuccessful. The lessee filed a complaint for declaratory judgment seeking to have the trial court determine a reasonable rental for the renewal period and to specifically enforce the renewal provision. Lessor moved to dismiss on the ground that this renewal provision was too vague and too indefinite to be enforceable. The lessee appeals from an order granting that motion. We affirm.
Options to renew can be worded in various ways, but what may seem to be negligible semantic differences can have a dramatic difference in the construction the court places on the particular clause. Where the contract clause provides that the lessee shall have an option to renew for a specific period of time, but is silent as to all other terms, the clause has generally been held sufficiently definite to enforce and construed as encompassing the same terms and rent as the original lease.[1] On the other end of the spectrum, where the option to renew sets out that the terms, period of time, and rent shall be as determined by the parties at the time of renewal, the clause has generally been considered so indefinite that it is unenforceable.[2] However, where the option to renew specifies the period of renewal but specifically leaves the rent to be determined by the parties in the future without specifying the method to be used if the parties cannot agree, there is a recognized solid split of authority as to whether the clause is sufficiently definite enough to be enforceable.[3] Some jurisdictions reason that the renewal option is for the benefit of *982 the lessee for which he gave consideration; that the parties intended the clause to have some meaning; that the lessee should not be deprived of his right to specifically enforce the contract; and therefore, if the parties cannot agree upon a rent figure, that the court has authority to determine a "reasonable rent" and specifically enforce the contract.[4] Conversely, other jurisdictions reasoned that rent is an essential element to be agreed upon in the future; therefore, when the parties cannot subsequently agree, an essential element is missing and since the parties have not agreed upon a method for solving this impasse, the contract is indefinite as to an essential term and is unenforceable.[5]
We adopt the latter view because we believe that when contracting parties do not agree on an essential provision there is no "meeting of the minds" that is the essence of a contract, and in that situation it is not the province of the court to make the contract or to supply material terms or provisions omitted by the parties. We have considered the Florida cases, but do not find them consistent or particularly helpful. Our conclusion is consistent with Camichos v. Diana Stores Corp., 157 Fla. 349, 25 So.2d 864 (1946), and Topper v. Alcazar Operating Co., 160 Fla. 421, 35 So.2d 392 (1948), and the point here involved was not reached in Shaw Brothers Oil Co. v. Parrish, 99 So.2d 610 (Fla. 1958). Appellant cites us to State Road Dept. v. Tampa Bay Theaters, Inc., 208 So.2d 485 (Fla. 2d DCA 1968), which was a condemnation case where a lessee with an option to renew upon reasonable rental to "be agreed upon by the parties" was awarded damages for loss of the option and the condemnor appealed, arguing that the option was unenforceable. The Second District Court affirmed, citing Shaw and Camichos. We do not agree that either of those cases supports a position contrary to this opinion. We read the holding in State Road to simply be that in a condemnation action a lessee has a compensable interest under such a lease renewal option because it cannot be legally determined beforehand that the parties will not be able to agree on *983 a reasonable rental. Further, the validity of State Road as authority for a broader principle is put in considerable doubt by language in Bartke's, Inc. v. Hillsborough County Aviation Authority, 217 So.2d 885 (Fla.2d DCA 1969), which holds that where a lease renewal or extension provision for a fixed term with the amount of rental to "be an amount to be agreed upon," "there was no right to an extension, since the terms were left open to agreement," and "the parties were not bound to renew and if terms could not be agreed upon, [an invalid arbitration clause] could not have been resorted to to compel them to supply the missing, but essential, terms of their agreement." Id. at 887.
We note in this case that with reference to the unspecified monthly rental, the renewal provision uses the word "arbitrated." However, that word appears to be used as synonymous with "negotiated" and there is no contention here that renewal was to be set by arbitration and that issue is not presented.
We hold that the better view is that the amount of rental is an essential element of a lease, if not the basis for a lease,[6] and an agreement to make a lease, or to renew or extend a lease, that fails to specify either the amount of the rental or a definite procedure to be followed to establish the amount of the rental, is too indefinite to be legally binding and enforceable.[7]
AFFIRMED.
ORFINGER, C.J., and FRANK D. UPCHURCH, JJ., concur.
NOTES
[1] See generally 3 Thompson on Real Property, § 1121 (1980). Cf. Goldblum v. J.I. Kislak Mortgage Corp., 408 So.2d 748 (Fla. 3d DCA 1982) (espousing general rule but modifying it to allow parol evidence as to new terms where a stricken provision of the lease indicates the parties intended to renegotiate the terms).
[2] See, e.g., Camichos v. Diana Stores Corp., 157 Fla. 349, 25 So.2d 864 (1946).
[3] See generally 3 Thompson on Real Property, § 1121 (1980) (validity of covenants to renew); 2 Powell on Real Property, ¶ 245[1] (1981) (powers in lessor or lessee to shorten or lengthen the term); 50 Am.Jur.2d, Landlord and Tenant, § 1158 (1970) (certainty and definiteness); Annot., 58 A.L.R.3d 500 (1974) (validity and enforceability of provision for renewal of lease at rental to be fixed by subsequent agreement of parties).
[4] Jurisdictions that have held such clauses sufficiently definite to be valid and enforceable are: Hammond v. Ringstad, 10 Alaska 543 (1945); Hall v. Weatherford, 32 Ariz. 370, 259 P. 282 (1927); Chaney v. Schneider, 92 Cal. App.2d 88, 206 P.2d 669 (1949); Bechmann v. Taylor, 80 Colo. 68, 249 P. 262 (1926); Fuller v. Michigan Nat'l. Bank, 342 Mich. 92, 68 N.W.2d 771 (1955); Cassinari v. Mapes, 91 Nev. 778, 542 P.2d 1069 (1975); Drees Farming Assoc. v. Thompson, 246 N.W.2d 883 (N.D. 1976); Moss v. Olson, 148 Ohio St. 625, 36 Ohio Ops 252, 76 N.E.2d 875 (1947); Rainwater v. Hobeika, 208 S.C. 433, 38 S.E.2d 495 (1946); Greene v. Leeper, 193 Tenn. 153, 245 S.W.2d 181 (1951); Playmate Club, Inc. v. Country Clubs, Inc., 62 Tenn. App. 383, 462 S.W.2d 890 (1970); Diettrich v. J.J. Newberry Co., 172 Wash. 18, 19 P.2d 115 (1933); Young v. Nelson, 121 Wash. 285, 209 P. 515 (1922); Anderson v. Frye & Bruhn, Inc. 69 Wash. 89, 124 P. 499 (1912). See generally Annot., 6 ALR2d 448 (1949) (factors and elements considered in fixing rental for extended or renewal term where renewal or extension clause leaves amount of rental for future determination); 50 Am.Jr.2d, Landlord and Tenant § 1166 (1970) (factors and elements considered in fixing rent).
[5] Jurisdictions that have held such clauses indefinite and unenforceable are: George Y. Worthington & Son Mgmt. Corp. v. Levy, 204 A.2d 334 (D.C. 1964); Lutterloh v. Patterson, 211 Ark. 814, 202 S.W.2d 767 (1947); Beasley v. Boren, 210 Ark. 608, 197 S.W.2d 287 (1946); Candler v. Smyth, 168 Ga. 276, 147 S.E. 552 (1929); Streit v. Fay, 230 Ill. 319, 82 N.E. 648 (1907); State v. Jordan, 247 Ind. 361, 215 N.E.2d 32 (1966); Puetz v. Cozmas, 237 Ind. 500, 147 N.E.2d 227 (1958); Beal v. Dill, 173 Kan. 879, 252 P.2d 931 (1953); Walker v. Keith, 382 S.W.2d 198 (Ky. 1964); Metcalf Auto Co. v. Norton, 119 Me. 103, 109 A. 384 (1920); Giglio v. Saia, 140 Miss. 769, 106 So. 513 (1926); State ex rel Johnson v. Blair, 351 Mo. 1072, 174 S.W.2d 851 (1943); Rosenberg v. Gas Service Co., 363 S.W.2d 20 (Mo. App. 1962); Sammis v. Huntington, 104 Misc. 7, 171 N.Y.S. 965, aff'd., 186 App.Div. 463, 174 N.Y.S. 610 (1918); Young v. Sweet, 266 N.C. 623, 146 S.E.2d 669 (1966); R.J. Reynolds Co. v. Logan, 216 N.C. 26, 3 S.E.2d 280 (1939); Jamison v. Lindblom, 92 Ohio App. 324, 49 Ohio Ops 379, 110 N.E.2d 9 (1951); Karamanos v. Hamm, 267 Or. 1, 513 P.2d 761 (1973); Slayter v. Pasley, 199 Or. 616, 264 P.2d 444 (1953); Vartabedian v. Peerless Wrench Co., 46 R.I. 472, 129 A. 239 (1925); Schlusselberg v. Rubin, 465 S.W.2d 226 (Tex. Civ.App. 1971); Salem Lodge v. Smith, 94 W. Va. 718, 120 S.E. 895 (1924); Batavian Nat'l. Bank v. S & H, Inc., 3 Wis.2d 565, 89 N.W.2d 309 (1958); Leider v. Schmidt, 260 Wis. 273, 50 N.W.2d 233 (1951); Ratcliff v. Aspros, 254 Wis. 126, 35 N.W.2d 217 (1948).
[6] See, e.g., Walker v. Keith, 382 S.W.2d 198 (Ky. 1964); Karamanos v. Hamm, 267 Or. 1, 513 P.2d 761 (1973). Contra Edwards v. Tobin, 132 Or. 38, 284 P. 562 (1930) (holding "the method of determining the rent pertains more to form than to substance. It was not the essence of the contract, but was merely incidental and ancillary thereto"). It would appear that Karamanos and Slayter v. Pasley, 199 Or. 616, 264 P.2d 444 (1953), both subsequent decisions from the same jurisdiction going the opposite way, have overruled Edward v. Tobin by implication.
[7] In 1 Williston on Contracts § 45 (3rd ed. 1957), it is stated:

Although a promise may be sufficiently definite when it contains an option given to the promisor, yet if an essential element is reserved for the future agreement of both parties, the promise gives rise to no legal obligation until such future agreement. Since either party, by the very terms of the agreement, may refuse to agree to anything the other party will agree to, it is impossible for the law to fix any obligation to such a promise.