PER CURIAM.
In the instant case appellant raises two issues with regard to the trial court’s dismissal of her complaint with prejudice. She first argues that the trial court erred in dismissing Counts I and III of her complaint on the ground that the lease *504 renewal option on which the claims were based was not enforceable. We affirm the trial court’s action as explained below. We also affirm with regard to appellant’s second issue without further discussion.
In 1981 appellant entered into a ten-year lease agreement with Kelly for property on which appellant owned and operated a restaurant. Paragraph 2 of the lease provided as follows:
The Lessor grants to the Lessee the option to renew said lease for two additional periods of five (5) years each, provided written notice of the intent to exercise the option is given at lease [sic] ninety (90) days before the expiration of the original term. In the event Lessee exercises its option to renew, the lease payment for the renewal period will be negotiated between the parties.
Before the lease expired, appellant gave notice of her intent to renew the lease, and negotiations between the parties commenced. The parties, however, failed to agree to a lease payment amount, and the lease was not renewed. Subsequently, Kelly died, and appellant filed a claim for damages in the probate action of Kelly’s estate for wrongful breach of the option to renew the lease. Following the filing of an objection to appellant’s claim, appellant filed an independent action against appel-lees. In Count I appellant sought damages for breach of contract and alleged that Kelly wrongfully failed to renew the lease under paragraph 2 of the lease. Second, she alleged breach of contract for failure to make necessary repairs during the term of the lease. In Count III she alleged a “tortious breach of contract” based on a combination of both Counts I and II. The trial court found the renewal option of the lease at issue to be unenforceable as a matter of law under Edgewater Enter., Inc. v. Holler, 426 So.2d 980 (Fla. 5th DCA 1982), because the option was too indefinite to be legally binding. Accordingly, the court dismissed Counts I and III (insofar as it was based on Count I). The court likewise dismissed Counts II and III (insofar as it was based on Count II) as unenforceable based on the court’s finding that these claims were not timely filed against the estate.
In Edgewater Enter., Inc. v. Holler, 426 So.2d 980, 981 (Fla. 5th DCA 1982), the court was presented the same issue that is before us now, i.e., whether a lease clause containing an option to renew is enforceable when it specifies the period of renewal but leaves the rent to be determined by the parties in the future and does not specify a method for determining the rent if the parties cannot agree. The lease in Edgewater provided that the tenant had the option to renew “for the further term of three (3) years from and after the expiration of the term ... at a monthly rental to be arbitrated, negotiated and determined among the parties to this lease at said time.” As in the instant case, the lessee notified the lessor of its exercise of the option to renew, but negotiations as to the rental amount failed. In a declaratory judgment action, the lessee sought to have the court determine the rental amount and enforce the option, but the trial court dismissed upon the ground that the renewal provision was too vague to be enforceable. After reviewing both Florida law on the issue and the split among other states over the enforceability of such a provision, the Fifth District affirmed. See Shaw Bros. Oil Co. v. Parrish, 99 So.2d 610, 612 (Fla. 1958) (expressly declining to address “whether a lessor could validly refuse to comply with an agreement to extend a lease for a definite term where the amount of the rental for the extended term is to be fixed by future agreement of the parties” and noting conflict in other jurisdictions on the issue). The court reasoned “that when contracting parties do not agree on an essential provision there is no ‘meeting of the minds’ that is the essence of a contract, and in that situation it is not the province of the court to make the contract or to supply material terms or provisions omitted by the parties.” Edgewater, 426 So.2d at 982. Accordingly, the court held
*505 that the better view is that the amount of rental is an essential element of a lease, if not the basis for a lease, and an agreement to make a lease, or to renew or extend a lease, that fails to specify either the amount of the rental or a definite procedure to be followed to establish the amount of the rental, is too indefinite to be legally binding and enforceable.
Id. at 983. We agree with this reasoning and affirm the trial court’s dismissal of Count I and Count III (insofar as it relied on Count I). The renewal option in the instant case did not specify the rental amount or a method for reaching agreement on the rent, and the option was thus unenforceable once the parties failed to agree to an essential element of the lease.
We further agree that State Road Dep’t v. Tampa Bay Theaters, Inc., 208 So.2d 485, 486 (Fla. 2d DCA 1968), cert. denied, 212 So.2d 869 (Fla.1968), on which appellant relies, is distinguishable. In that eminent domain case, the trial court had instructed that in determining the damages to the theater the jury could consider the five-year renewal option that the theater had not exercised because of the condemnation proceedings pending during the term of the lease. The court specified, however, that the jury could only consider the option if the jury believed the theater would have exercised the renewal option had the condemnation not been pending. Id. at 486. On appeal, the state contended that the renewal option did not give the theater a compensable interest because the option was unenforceable as a consequence of its not specifying the amount of rent and leaving that amount for the future determination of the parties. Id. The appellate court properly rejected this contention. Because the eminent domain proceeding was initiated and remained pending during the initial term of the lease, the option to renew had not been exercised. Thus, negotiations between the parties over the rent for the option period had never commenced. The option thus would only become unenforceable, and then only as to the parties, at such time, if ever, as the parties to the lease could not agree to the rental amount. See Edgewater, 426 So.2d at 982-83. See also Tibbetts v. Nichols, 578 So.2d 17 (Fla. 1st DCA 1991) (holding that in determining amount of damages court should consider option period if court concludes it is likely that lessee would have exercised option). We disagree, however, with the Second District’s broad statement in State Road Dep’t that a “renewal option that leaves the rental for future agreement is valid and enforceable.” State Road Dep’t, 208 So.2d at 486. But see Bartke’s, Inc. v. Hillsborough County Aviation Auth., 217 So.2d 885 (Fla. 2d DCA) (containing apparently contrary reasoning), cert. denied, 229 So.2d 867 (Fla.1969). As explained above, such an option is unenforceable by a party if at the time the lessee seeks to exercise the option, the parties cannot agree.
MINER, WEBSTER and LAWRENCE, JJ., CONCUR.