# Third District Court of Appeal

## State of Florida

Opinion filed April 14, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1660
Lower Tribunal No. 19-27083
_____

**FM 3 Liquors, Inc., et al.,**
Appellants,

vs.

**Stanley Bien-Aime,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Mavel Ruiz, Judge.

Easley Appellate Practice, PLLC., and Dorothy F. Easley; Samuel A. Rubert, P.A., and Samuel A. Rubert (Weston), for appellants.

Coffey Burlington P.L., and Jeffrey B. Crockett; Silver & Silver Attorneys, and Ira S. Silver, for appellee.

Before FERNANDEZ, LINDSEY, and BOKOR, JJ.

PER CURIAM.

FM3 Liquors, Inc. and its principal, Franklin Marie ("Tenant"), appeal an order granting the motion of Stanley Bien-Aime ("Landlord") for immediate possession of a commercial property Tenant had been occupying for the past decade pursuant to a written lease.[1]  The sole issue before us is whether the lower court properly awarded Landlord immediate possession of the property following the expiration of the lease term.  While the expiration of the lease was not disputed, Tenant contends he was entitled to either renew the lease or purchase the property.

Renewal is foreclosed by this court's recent opinion in Jahangiri v. 1830 N. Bayshore LLC, 253 So. 3d 699, 701 (Fla. 3d DCA 2018) ("[T]he amount of rental is an essential element of a lease, if not the basis for a lease, and an agreement to make a lease, or to renew or extend a lease, that fails to specify either the amount of the rental or a definite procedure to be followed to establish the amount of the rental, is too indefinite to be legally binding and enforceable." (quoting Edgewater Enters., Inc. v. Holler, 426 So. 2d 980, 983 (Fla. 5th DCA 1982))).

Thus, the remaining issue for our resolution is the interpretation of the purchase option embodied within the lease.  We review de novo.  See Dezer

---

[1] Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii) authorizes appeals of nonfinal orders that determine "the right to immediate possession of property . . . ."

Intracoastal Mall, LLC v. Seahorse Grill, LLC, 277 So. 3d 187, 190 (Fla. 3d DCA 2019) ("The interpretation of a contract involves a pure question of law for which this court applies a *de novo* standard of review." (quoting Dirico v. Redland Estates, Inc., 154 So. 3d 355, 357 (Fla. 3d DCA 2014))).

The relevant language, which the lower court interpreted to allow for a one-time option to purchase at the end of the first year, provides:

> **LEASE PAYMENTS**. Tenant shall pay to Landlord monthly installments of $1,900.00, payable in advance on the first day of each month, for the initial One (1) years of the lease term. **Tenant has option to purchase property at the end of first year lease for $320,000. The next five years shall be at market value or CPI. The remaining five years will also be at market value or CPI.**

(Emphasis added).

The lower court interpreted the additional language set forth below as allowing Tenant a right of first refusal to purchase the property should there be another potential buyer within the term of the lease.

> **RENEWAL TERMS.** This Lease shall renew with 90 day prior notice from tenant for an additional period of five years renewal term, unless tenant gives written notice of termination no later than 90 days prior to the end of the term or renewal term. This lease may be terminated within 30 days if the city or zoning department will not renew or allow the tenant to conduct business operations as stated under "use of premises". The lease terms during any such

renewal term shall be the same as those contained in this Lease except that the lease installment payments shall be current market value at the time of the renewal. **Tenant will have first option to purchase property during lease term. Tenant will have 30 days to exercise its option with written notice to landlord. This lease shall withstand any sales or transfers of the property with the same terms and conditions.**

(Emphasis added).

We agree with the lower court's interpretations. Further, Tenant's letter purporting to exercise the option to purchase, which stated its purchase offer, in its entirety, as follows: "Pursuant to the paragraph titled **LEASE PAYMENTS** on page one of the Lease, my client, Franklin Marie, hereby exercises his option to purchase the Premises as defined therein for its 'market value or CPI'" was too indefinite to be enforceable under Jahangiri.

Affirmed.

4