Argued and submitted January 31, 1983, reversed; remanded
with instructions March 7, reconsideration denied April 27,
petition for review denied May 22, 1984 (297 Or 227)

# HAWKINS,
*Respondent,*
*v.*
# KENNEDY,
*Appellant.*

(79-277 L; CA A23694)

677 P2d 748

Stanley C. Jones, Klamath Falls, argued the cause for appellant. With him on the briefs was Giacomini, Jones & Associates, Klamath Falls.

Blair M. Henderson, Klamath Falls, argued the cause for respondent. With him on the brief was Henderson & Molatore, Klamath Falls.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Plaintiff is a custom farmer who performs work for other farmers in Klamath County. He brought this action to recover damages he claims to have suffered because defendant did not allow him to perform certain work that he contends defendant was obligated to allow him to do under their contract. Defendant appeals a judgment for plaintiff, contending that their contract did not encompass the work at issue.

Defendant owns a large ranch in Klamath County. In 1974, he and plaintiff entered into a one-year written contract under which plaintiff was to do the haying (harvesting, hauling, baling and stacking) on defendant's ranch for specified prices. The following year, the parties agreed on a haying contract for the 1975 harvest year and signed a written contract specifying in some detail the manner in which the haying was to be done and providing that the agreement would terminate "at the close of the 1975 hay and grain harvest season." In early 1976, the parties again negotiated and agreed that plaintiff would do defendant's haying for the 1976 season but at a higher unit price. Rather than redo the contract, the parties wrote in and initialed the new price, using the 1975 contract.

About that time, the parties also discussed whether plaintiff might do certain farming on the ranch as well. An agreement was reached and a contract was signed on April 26, 1976, providing that plaintiff was to do the "following farming":

> "A. Farming shall consist of doing the reasonable and necessary cultivating, planting, and harvesting of all hays and grains and grasses for Owner;
>
> "* * * * *"

The contract specified the unit price for particular farming services, such as plowing, harrowing, cultivating and harvesting of "grain." No unit price was specified for the harvesting of hays and grasses, however, and there was no other mention of the harvesting of those crops in the contract, although it addressed the manner in which the farming services were to be performed and other details of the business relationship, including the right of defendant to perform any of the farming services himself when he had idle equipment

and personnel. By its terms, the contract terminated on January 1, 1979.

Although the farming contract did not discuss terms of payment for the harvesting of alfalfa hay or specifications as to how such harvesting would be performed, plaintiff testified that the parties agreed orally, either contemporaneously or prior to the signing of the farming contract, that defendant would compensate plaintiff for harvesting all hays, grains and grasses in the manner and amounts fixed by the 1976 haying contract and that there would be a price increase each year to account for inflation. Defendant denied the oral agreement, but plaintiff claims that, in reliance on it, he purchased special equipment for both the farming and haying of defendant's land for the 1976, 1977 and 1978 crop years.

While the farming contract was in force in early 1977, the parties again negotiated and reached agreement for haying for the 1977 season. They agreed to an increase in the per unit price, and again altered the existing haying contract to reflect the change. They also altered that contract to provide that it would terminate at the close of the 1977 hay and grain season.

In early 1978, plaintiff proposed to do the hay work that season for an increase in price greater than had been agreed to in the prior years, and he also proposed changes in other terms and conditions of that contract. Defendant rejected those proposals, and also a later one by which the unit price was slightly reduced, and informed plaintiff that he would not be doing the haying. Defendant hired another farmer to do the haying at a price higher than that in plaintiff's first proposal.

In this action, plaintiff seeks to recover profits he lost because he was not permitted to harvest defendant's alfalfa in 1978 and also those he lost because defendant performed certain work with his own equipment, allegedly in violation of the farming contract. The jury returned a verdict for plaintiff for $17,425 on the first claim and $9,000 on the second claim; a single judgment for $26,425 was entered.

On appeal, defendant contends that the trial court erred in denying his motions for a directed verdict on both claims. He argues that the parties' agreement in early 1977 that the haying contract would terminate at the close of the

1977 season, and their failure to reach agreement on plaintiff's 1978 proposals, resulted in there being no valid agreement for plaintiff to do the haying work for 1978. Regarding the claim for lost profits resulting from defendant's use of his own equipment during 1978, defendant argues that the major portion of plaintiff's claim related to work that would have been performed under the haying contract and that the portion of the claim based on an alleged breach of the farming contract was not supported by the evidence.

■ We agree with defendant that there was no enforceable contract on which to predicate plaintiff's claim for lost profits for haying. The separate farming contract that the parties entered into in 1976 specified in detail the farming operations that plaintiff was to perform, both as to the manner of performance and the prices to be paid. That contract also stated that farming included the harvesting of all hays, grains and grasses. Unlike the plowing, harrowing, harvesting of grain, and so forth, however, the farming contract was otherwise silent as to the harvesting of hays and grasses — it did not provide how it would be done or how much plaintiff would be paid. For that reason, the farming contract, as it related to the harvesting of hays and grasses, standing alone, was too indefinite in its terms to be enforceable. *See Phillips v. Johnson,* 266 Or 544, 555, 514 P2d 1337 (1973).

■ ■ An oral agreement to utilize the written haying contract would remedy that defect so long as that oral agreement and haying contract were in force. The problem with plaintiff's position, however, is that the parties, in writing, agreed to terminate the haying contract at the close of the 1977 season. The agreement to terminate the written haying contract superseded previous oral or written contracts, and all *prior* terms inconsistent with the termination of the haying contract were rescinded. *See Marnon v. Vaughan Motor Co, Inc.,* 184 Or 103, 157-58, 194 P2d 992 (1948). Moreover, even if terminating the written haying contract did not rescind the provision of the farming contract that plaintiff harvest the hays and grasses, as plaintiff contends, that provision of the farming contract is too uncertain to be enforced; there was no agreement on the unit price for that work once the haying contract terminated. At most, the parties had, by their farming contract, an agreement to make a contract for harvesting with the terms and conditions to be left to future negotiations,

which were unsuccessful. Such an agreement is not binding. *See Karamanos v. Hamm,* 267 Or 1, 5, 513 P2d 761 (1973). The trial court erred in denying defendant's motion for a directed verdict on this claim.[1]

■ ■    Regarding plaintiff's second claim, the farming contract provided that defendant could perform work otherwise to be performed by plaintiff when defendant had "idle equipment and personnel." The contract, drafted by defendant, provides no explanation of that phrase, and it is at least arguably uncertain when equipment and personnel would be deemed "idle" for purposes of that provision. Plaintiff produced evidence that defendant performed some of the work assigned to plaintiff under the farming contract when defendant's equipment and personnel arguably were not idle. Accordingly, that portion of plaintiff's second claim raised a jury question. However, some of the work done by defendant with his equipment related to work plaintiff claimed he was entitled to do under the haying contract, which we have held was terminated at the end of the 1977 crop year. Defendant pointed out that problem in his motion for a directed verdict on this claim, and we conclude that he was entitled to a directed verdict on the part of plaintiff's claim relating to defendant's use of his equipment for work plaintiff was not entitled to perform under the farming contract. Accordingly, the case must be remanded for a new trial on the second claim.

Reversed; remanded for a new trial on the claim alleged in paragraph VI(b) of complaint only.

---

[1] Plaintiff did not argue that the farming contract obligated defendant to negotiate in good faith terms for harvesting alfalfa for 1978 and that defendant breached that obligation.